McKAY v. PHILLIPS et ux.   (No. 1620.)

(Court of Civil Appeals of Texas. Amarillo. March 3, 1920.)

Cancellation of instruments ⬅️35(1)—Grantor in oil lease having interest in land a necessary party to action by other grantors to cancel.

Where father and son executed an oil lease, the son owning an undivided one-third interest in the land, the son was an indispensable party to an action by his father and mother to cancel the lease on the ground that it was void, in that it was the homestead of the parents.

Appeal from District Court, Clay County; Wm. N. Bonner, Judge.

Action by D. A. Phillips and wife against L. McKay. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Wood & Wood, of Dallas, and Stine & Stine, of Henrietta, for appellant.

Taylor, Allen & Taylor, Wantland & Dickey, and L. W. Parrish, all of Henrietta, for appellees.

HUFF, C. J. This action was brought by D. A. Phillips, and his wife, Mrs. D. A. Phillips, against McKay, to cancel an oil lease on the south one-half of a 200-acre tract in Clay county. It is alleged that D. A. Phillips and H. W. Phillips executed the lease. The ground for cancellation is that there was no consideration for the lease and that it was an option, unilateral and void. It is alleged that it is void on the ground that it was the homestead of D. A. Phillips and wife and that Mrs. D. A. Phillips did not sign the lease. H. W. Phillips is not made a party to the suit, either as plaintiff or defendant. The instrument shows to have been executed by D. A. Phillips and H. W. Phillips, and the facts in the record show that H. W. Phillips owned in fee one-third of the land upon which the lease was given, and which lease is sought to be canceled. The court finds that the $1 was paid and that $10 was also paid and deposited to the credit of the plaintiffs in the First National Bank of Bellevue, Tex., as stipulated in the contract, and that plaintiffs tendered into court $11 for the cancellation and deposited it with the clerk. The court finds at the time said lease was executed the plaintiffs, D. A. Phillips and his wife, owned an undivided two-thirds interest in the land described in the lease, and that they occupied the same as a homestead, and have ever since occupied it as such.

Without discussing other matters, we think the seventeenth assignment of error should be sustained, because it is shown by the petition and the evidence, together with the contract itself, that H. W. Phillips, the son of the plaintiffs, was a grantor in the contract, and was interested in the result of the suit, and was a necessary party, and that the judgment was erroneous in canceling the lease because of such fact. H. W. Phillips had such an interest in the subject-matter of the litigation as made him an indispensable party to a cancellation of the lease, and the court should not have entered the decree, when it was apparent that it could not definitely settle the rights of the parties interested in the subject-matter of the litigation. We therefore think there was error in the judgment of the court in canceling this lease upon the ground stated by us. Needham v. Cooney, 173 S. W. at page 983(13); Barlow v. Linss, 180 S. W. 652; Dawson v. George, 193 S. W. 495; Buffalo Bayou Ship C. Co. v. Bruly, 45 Tex. 6.

We have concluded not to discuss the other issues in this case, as we believe the case should be reversed, in order that necessary parties be made to the action.

The case will therefore be reversed and remanded.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes