STATE NAT. BANK OF SAN ANTONIO et al. v. LANCASTER et al. (No. 6580.)

(Court of Civil Appeals of Texas. San Antonio. March 30, 1921. Rehearing Denied April 13, 1921.)

1. Judgment ⬳245—No jurisdiction to construe instrument unless all persons affected are parties.

The district court has no jurisdiction to construe an instrument affecting the title to land, unless all persons who would be affected by the judgment have been made parties to the action so as to be bound by the judgment.

2. Courts ⬳480(1)—Prosecution of subsequently filed suit not enjoined, where no jurisdiction attached in previous suit for failure to join parties.

Plaintiffs, in action to construe an instrument in which other parties affected by construction thereof had not been joined, were not entitled to an injunction restraining the prosecution of a similar action instituted by other parties affected by the construction of the instrument in which all parties so affected had been joined, though subsequent to the filing of the second suit which constituted the commencement thereof under Rev. St. 1895, art. 1177, such plaintiffs by amendment made all affected persons parties to their action, since jurisdiction, not having been acquired prior to such amendment, was not invaded by the filing of the subsequent suit.

3. Courts ⬳475(1)—Jurisdiction cannot attach where no cause of action is set up.

Jurisdiction, within the rule that jurisdiction when attached cannot be taken away by subsequent proceedings in another court, cannot attach when no pleadings setting up the cause of action against any one is alleged.

4. Venue ⬳7—Bank holding money on deposit held entitled to be sued in county of residence, where action was to construe agreement relative to money.

In action by plaintiffs, who had commenced an action to construe a booklet of owner of land, which agreed to place money in bank to be distributed among purchasers of the land if a railroad was not built to a town located on the land, to enjoin the prosecution of a similar action by the banks and others affected by the instrument, where bank had not contracted to pay the money in the county in which the action was brought, and where the instrument did not require payment of money in such county

and where the suit did not involve the title to land in such county, the bank's plea of privilege should have been granted.

Appeal from District Court, Dimmit County; W. D. Love, Special Judge.

Action by B. F. Lancaster and others against the State National Bank of San Antonio and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Kampmann, Burney & Browne, of San Antonio, for appellants.

Vandervoort & Johnson, of Carrizo Springs, for appellees.

FLY, C. J. On November 8, 1920, B. F. Lancaster, M. D. Ern, and M. Doscher instituted a proceeding in the district court of Dimmit county, in which they sought a construction of a certain pamphlet or booklet issued by one G. Denton, under the name of "Denton Colony Company," in which was contained a description of a tract of 32,000 acres of land in Dimmit county, which he desired to sell, agreeing in said booklet that he would donate $30,000, which he would deposit in a solvent bank in San Antonio to be held in trust and paid over to the first railroad company that would build a railroad to a town to be located on the land called Dentonio, that if no railroad was built, as desired, in 10 years, the money should be delivered to three trustees to be chosen by purchasers of the land who might own it at the expiration of the 10 years, to be used in the interest of such owners. It was alleged that the land was sold in farm lots, that the petitioners are some of the purchasers, that the money was deposited with the State Bank & Trust Company, but is now in the State National Bank of San Antonio; that the 10 years have expired and no railroad has been built; that no provision is made as to who shall call the election, although it is provided in the booklet that it "shall be held under the laws of the state of Texas." The prayer was:

"That your honor will by order of court construe said provision as specified in the fourth paragraph and copied in the fifth paragraph of this petition, and therein prescribe the procedure of said elections as outlined above, to the end that said three trustees may be 'elected by the qualified voters who are property owners at that time in the Denton Colony lands,' and that said three trustees may 'use the thirty thousand dollars for the benefit of the owners of the Denton Colony lands, whatever manner a majority of the voters may by a fair election decide, which election shall be made under the laws of the state of Texas for that purpose.'"

A notice of the proceeding was published in a county paper for four weeks. The district judge ordered the issuance of the notice, and set the matter down for a hearing on December 15, 1920. On December 29, 1920, B. F. Lancaster and those joined with him applied to the district judge in and for Dimmit county for a writ of injunction to restrain the prosecution of certain suits pending in the Forty-Fifth judicial district of Bexar county—

"wherein and whereby and in each suit they have alleged the same cause of action and pray for the same relief, also for costs and attorney's fees, whereby the defendants have usurped plaintiffs' functions and prerogatives by assuming to be plaintiffs and by making plaintiffs herein the defendants in their alleged cause of action."

The application for injunction failed to disclose the names of the usurpers of the cause of action in Bexar county except in so far as the style of the suit gives as defendants the "State National Bank et al." However, the injunction was granted, and notice issued not only to the bank named, but also to the State Bank & Trust Company, which was not named in the application. They responded, however, and, after having plea of privilege overruled, sought to have the injunction dissolved. This was denied by the court, and the injunction continued in force. On December 16, 1920, appellants filed a suit in Bexar county, Tex., to have the contract of Denton construed, making every one interested in the land parties thereto. Afterwards, on December 29, 1920, Lancaster, Ern, and Doscher filed an amended petition, in which for the first time defendants were named in the proceeding, the parties named being the two San Antonio banks. On the same day, the writ of injunction was applied for and issued.

In the application for injunction, no effort is made to show that appellees have no adequate relief at law, and no grounds for the exercise of the equity powers of the court were alleged, except that the suit in Bexar county is about the same subject-matter as the one in Dimmit, and that creates a usurpation of plaintiffs' functions and prerogatives, and invades the jurisdiction of the Dimmit county court.

[1, 2] The suit in Bexar county was really filed and pending at the time that appellees instituted their suit by the amendment of December 29, 1920. Up to that date, no defendants had been named, and no suit instituted in Dimmit county, so that, instead of interference taking place with appellees in their suit, they were interfering with others in their suit. At the time the suit was filed in Bexar county, the district court of Dimmit county had not acquired jurisdiction of the persons or property of any one. Admitting that the construction of an instrument which affects the title to land in a certain county should be made in that county, still, in order to obtain such construction, every one affected by the judgment should be made a party to the suit. That is an elementary

proposition. In the proceeding filed by appellees no one was made a party except the three plaintiffs, although the petition discloses the fact that others were owners of parts of the land and interested in any judgment connected therewith. In other words, while the district court has jurisdiction to construe instruments in writing, it will not do so unless all parties affected by the construction are in court and bound by the construction. Barmore v. Darragh, 227 S. W. 522. If a judgment had been rendered in the proceeding as first filed, no one would have been bound by it, because no parties defendant were before the court, and even in the amended pleading there is no effort to make all the parties who would be affected by the construction, parties to the suit. Before that amendment was filed, the suit making all persons to be affected by the judgment parties to the suit had been filed in Bexar county. The Dimmit county district court had at that time no jurisdiction over the matter, and its jurisdiction was not invaded. Jurisdiction had attached to the district court of Bexar county before it attached in Dimmit county, if it has ever attached. The filing of the suit in Bexar county was the commencement of the suit. Rev. Stats. 1895, art. 1177.

[3] The rule, fully established in regard to enjoining a suit where the same parties and the same subject-matter are involved as in a prior suit, is based on the theory that the jurisdiction of another court has attached, and cannot be taken away by subsequent proceedings in another court. Jurisdiction of a court cannot attach when no pleadings setting up a cause of action against any one is alleged.

[4] The plea of privilege of the two banks should have been sustained. The money was deposited with them, and they had not entered into any contract to pay it in Dimmit county, nor is there any provision in the booklet of the Denton Colony Company requiring the money to be paid in Dimmit County. The suit does not involve the title to the land in Dimmit county, nor of damages thereto. The plea of privilege should have been granted.

The judgment will be reversed, and judgment here rendered that the writ of injunction issued by the district court of Dimmit county be dissolved and held for naught; that the venue be changed to the Forty-Fifth district court of Bexar county, and the clerk of Dimmit county district court is hereby ordered to make up a transcript of all the orders made in this cause, certifying thereto officially under the seal of said court, and transmit the same, with the original papers in the cause, to the clerk of the district court of Bexar county.

Reversed and rendered.