**BUSINESS MEN'S OIL CO. et al. v. PRIDDY.**
(No. 416–3837.)

(Commission of Appeals of Texas, Section A. April 18, 1923.)

**1. Abatement and revival ⟨key⟩8(8)—That plaintiff might file cross-action in prior suit pending not ground for abatement.**

That plaintiff's action be abated by a prior suit pending against him, it is not enough that he might by cross-action therein secure any relief he is entitled to, but to have such result he must be required to file the cross-action.

**2. Cancellation of instruments ⟨key⟩35(2)—Joint and several makers of note necessary party to suit to cancel.**

One of the makers of a joint and several note is a necessary party to action by the other makers to cancel it and the contract of purchase of an oil lease for which it was given.

**3. Abatement and revival ⟨key⟩14—Action on note not abated by pendency of suit by part of makers to cancel it.**

Action on a joint and several note by the payee against the makers is not abated by

pendency in the court of another county of which the payee was not a resident of a prior suit by all but one of the makers to cancel it and the contract of purchase of an oil lease for which it was given, the other maker, a necessary party, not being made a party defendant, the payee not being required to file cross-action on the note in such suit and thereby make the remaining maker a party.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by W. M. Priddy against the Business Men's Oil Company and others. Judgment abating the action was reversed by the Court of Civil Appeals (241 S. W. 770), and defendants bring error. Affirmed.

See, also, 248 S. W. 408.

H. C. Ray and Stanley Boykin, both of Fort Worth, for plaintiffs in error.

Martin & Oneal, of Wichita Falls, for defendant in error.

RANDOLPH, J. From a judgment in the district court of Wichita county sustaining a plea in abatement in this case, defendant in error, hereinafter styled plaintiff, appealed to the Court of Civil Appeals at Amarillo (241 S. W. 770), and that court reversed the case, and the Supreme Court granted the writ of error herein.

This suit was brought by plaintiff in the district court of Wichita county against the Business Men's Oil Company, a trust estate composed of W. E. Austin, J. J. Walden, S. M. Harrison, Roy J. Beard, J. F. Foster, A. W. Jonte, T. R. Hayes, R. H. Tash, O. F. Olmstead, residing in Tarrant county, and J. M. Palmer, who resides in Witchita county, as defendants, upon two notes alleged to have been executed by such defendants. Prior to the filing of this suit in Wichita county the defendants, with the exception of J. M. Palmer, had filed suit for rescission and cancellation of the notes herein sued on in the district court of Tarrant county against Priddy, the plaintiff in this cause. In their petition in the Tarrant county cause the defendants alleged that J. M. Palmer, as the agent of Priddy, had made certain fraudulent representations with reference to, and involved in, a contract for the sale of an oil lease upon which the notes herein sued on were based, such as, if true, would avoid the contract and the notes. The defendants herein did not make J. M. Palmer, their co-obligee on the notes, and who had also signed the contract with them, a party plaintiff or defendant in the Tarrant county cause, and did not in their petition filed in said cause allege any reason or excuse for not doing so. However, in their plea in abatement filed in this cause they set out their petition in the Tarrant county case in hæc verba, and further alleged that there was no necessity for making Palmer a party to the Tarrant county suit for the reason that he was acting in the matter of the sale of the oil lease and of the making of the contract and the notes as the agent of Priddy, and that he (Palmer) was wholly insolvent.

No statement of facts has been sent up with the record, but the findings of fact and conclusions of law filed by the trial court are in the record, and other statements will be made by us from this record as are needed to sustain our rulings herein.

The correctness of the trial court's judgment in sustaining the plea in abatement is solved by a decision of the questions: (1) Did the plaintiff have the right of election of a forum before which his suit was to be tried? and (2) was this right taken from him by the defendants having filed a prior suit for rescission and cancellation of his cause of action in the district court of Tarrant county?

[1] It is true that a party who is sued may file a cross-action in such suit and secure any relief he may be entitled to in law or equity, but that fact does not in itself compel him to present such cause of action in that particular suit. 1 R. C. L. last part of section 5; p. 15. Such party has the right to insist upon the exercise of his election of his forum for trial, and this privilege should not be taken from him unless it is clear that the law requires that he surrender that right and litigate his cause of action in a forum chosen by his adversary.

In adjudicating the rights of parties under plea of privilege, the fact that the party pleading privilege has the right to present his cause of action or defenses to the tribunal before which he is haled has never been held by our court as determining the question of jurisdiction. In the case at bar the plea in abatement sets out the petition filed in the Tarrant county district court. It does not appear from that petition that there were any reasons or excuses alleged for not making Palmer a party, and yet it shows him to have been a full participant with the defendants in all the transactions. In the plea in abatement the defendants do allege as their reason and excuse for not making Palmer a party in the Tarrant county case that he was the agent of Priddy, and that he was wholly insolvent. They thus made these issues of fact before the trial court, and upon the hearing of the plea in abatement the Wichita county district court held adversely to the defendants, and found expressly that Palmer was not the agent of Priddy, and that he was not insolvent. This finding by the trial court destroys the issues made by the defendants for not joining Palmer in the suit, and, as the defendants did not contest these findings, they have become res adjudicata. For that reason, and for the further reason that defendants' petition in the Tarrant county case in no wise excuses or accounts for their failure to make Palmer a party, we will consider the case from the

standpoint of Palmer's being left out of the case without excuse, explanation, or reason.

[2, 3] We have reached the conclusion that Palmer was a necessary party in the defendants' suit to rescind and cancel the contract and notes, and that his absence from the suit, either as plaintiff or defendant, violates the requirement that in such suits all parties who are interested in the subject-matter of the suit must be made parties to such suit, and we will discuss some of the authorities we rely on to sustain our conclusion.

A judgment or decree in an action for the cancellation of a written instrument operates in personam rather than in rem. 3 R. C. L. § 3. If this is correct, before such judgment or decree could operate upon the interested parties—those who are interested in the contract—they must be brought into court by the terms of the petition and the process of court. The general rule in suits for rescission or cancellation is:

"That all persons whose rights, interests, or relations with or through the subject-matter of the suit would be affected by the cancellation or rescission should be brought before the court, so that they can be heard in their own behalf. This is in accordance with the well-settled rule that in suit in equity every person having or claiming equitable or legal rights in the subject-matter must be made a party. The court cannot undertake to cancel a written instrument without having before it all the parties to be affected by the proposed cancellation. And where a final decree in a suit to cancel deeds cannot be made without materially affecting the interests of persons not made parties, neither the court of original jurisdiction nor of review should proceed further until the omission is corrected, although no objection is made by any party litigant. On the other hand, persons who are not affected by the agreement sought to be canceled, or by the cancellation thereof, are neither necessary nor proper parties." 9 C. J. 1125.

See, also, 6 Cyc. 319.

If the Tarrant county suit had been prosecuted to a successful termination by the defendants, who are plaintiffs therein, they would have been released from all liability. If Priddy should then have elected to proceed against Palmer under the joint and several obligations executed by the ten, such a condition might have arisen in which Palmer might have been held to be the sole obligor on the notes; hence he would clearly be interested in contesting the release of his co-obligors in the Tarrant county suit.

The purpose of a suit to cancel or rescind an instrument is to restore the status quo (4 R. C. L. § 23), and to do this it is required that all parties interested in the execution of the instrument sought to be canceled or rescinded must be in court to affectuate that result.

In addition to Palmer's liability upon the notes in the instant case, to permit the parties to leave Palmer out of the Tarrant county case would be to leave outstanding his interest in the oil lease. Priddy had the right to have made Palmer a party by accepting the jurisdiction of the Tarrant county district court, but he was not compelled to do this any more than he would be compelled to waive his plea of privilege to be sued in the county of his residence when he had the legal right to plead his privilege. In the case of Wilson v. Avery (Tex. Civ. App.) 192 S. W. 1120, writ denied, the right of election of his forum for the trial of his case by a party is recognized, and, when he has so elected, he is held bound by such election.

The Supreme Court in the case of Langham v. Thomason, 5 Tex. 127, in passing upon the question presented by plea of former action pending, brought by the wife alone, without authority to sue, announced the following rule:

"The pendency of a prior suit will not abate the second, if the first is so defective that the second is necessary to secure the demand. * * * And it is no plea that another action is depending for the same cause at the suit of another person. * * * *

"The plea cannot be maintained, unless the plaintiff be the same in both suits. * * * Here the party plaintiff is not the same in the latter as in the former suit. And we think it clear that the pendency of that suit was not pleadable in abatement of this."

Our Supreme Court, in our opinion, has in the case of Cooper et al. v. Mayfield, 94 Tex. 107, 58 S. W. 827, concluded this matter. In that suit one Newell brought suit in the United States Circuit Court against Eliza Cooper, B. P. Cooper, and Fannie Westrope to recover of them 177 acres of land in Harris county. Leaving out the question of interest and half interest discussed in the pleadings in that case, as not material to the question here in controversy, it is sufficient to discuss the facts as they relate to the parties involved in the judgment. During the pendency of the suit in the federal court Newell died, and his executors were made substitute plaintiffs in his stead. Pending the suit in the federal court the plaintiffs filed this suit of Cooper et al. v. Mayfield, the plaintiffs in this suit being Elizabeth Cooper, B. P. Cooper, and J. C. League, the last claiming interest of Fannie Westrope, and the defendant being Charles H. Mayfield. The defendants in the suit in the federal court pleaded in various forms the pendency of the suit in the state court against Mayfield, that Mayfield owned half the land, set up his title specifically under the same instrument which is presented in this case for construction, and pleaded that the federal court was without jurisdiction to try the title to the one-half that was owned by Mayfield. Upon the issues thus presented the case was tried, and a judgment was rendered by the federal court in favor of

Newell's executors for the entire tract of land, and this judgment was affirmed by the Circuit Court of Appeals. 94 Fed. 792, 36 C. C. A. 498.

In the suit of Cooper v. Mayfield, Mayfield pleaded the judgment of the federal court in bar of action in the Cooper-Mayfield Case. In passing upon that question thus presented, the Supreme Court held as follows:

"Mayfield being neither a party to the suit in the federal court nor in privity with the parties thereto, this suit in the state court in favor of Cooper and others against Mayfield did not constitute a former suit pending at the time, because Newell's estate was not a party to this, and Mayfield was not a party to that suit. 1 Enc. Pl. & Prac. 757, note 3; Langham v. Thomason, 5 Tex. 128. It would be a strange rule that, A. having sued B. for a tract of land, C. could not, during the pendency of that suit, bring a suit against A. for the same land. It seems to us that the proposition of the plaintiff in error embodies that conclusion."

We therefore recommend to the Supreme Court that the judgment of the Court of Civil Appeals reversing this cause be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.