**DIAL et al. v. MARTIN et al.** (No. 3014.)

Court of Civil Appeals of Texas. Amarillo. May 30, 1928.

Rehearing Denied June 27, 1928.

**1. Pleading ☞46—One named as defendant in original petition but not in coplaintiff's petition adopted by plaintiff's amended petition held not party to proceedings (district and county court rule No. 14).**

Under district and county court rule No. 14, filing of amended petition adopting coplaintiff's pleadings superseded plaintiff's original petition, and latter was no longer a part of pleadings in the case, and person who was named as defendant in original petition but not in coplaintiff's petition and who had not answered before filing of amended petition was therefore not a party to proceedings.

**2. Judgment ☞335(1)—All parties to judgment sought to be corrected by bill of review must be made parties to proceeding.**

In a proceeding either to alter or amend judgment or to vacate and set it aside by a proceeding in nature of bill of review, all parties to judgment must be made parties.

**3. Cancellation of instruments ☞35(1)—All parties to instrument must be made parties plaintiff or defendant in action for cancellation thereof.**

All parties to a deed, contract, or other writing must be made either parties plaintiff or

defendant in an action for cancellation and rescission of such instrument.

**4. Partnership ☞198, 322—All firm members are necessary parties to action for accounting or involving partnership affairs.**

All members of a partnership are necessary parties to an action for an accounting or in which partnership affairs are involved.

**5. Appeal and error ☞719(1)—Absence of necessary parties presents "fundamental error"—question which may be raised in appellate court even without asignment of error.**

The absence of necessary parties to an action presents a question of fundamental error, which may be raised in the appellate court, and it is duty of appellate court even without an assignment of error to take notice of such defect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

**6. Parties ☞18—In absence of necessary parties, trial court had no jurisdiction to consider and sustain demurrers and special exceptions involving merits.**

In absence of necessary parties, trial court is without authority to pass on merits of action or to decide any question which may affect the rights of such necessary parties who have been omitted from the pleadings; hence action of trial court in considering and sustaining numerous demurrers and special exceptions involving merits filed by parties in such a case was error.

**7. Appeal and error ☞20—Since trial court had no authority to pass on merits of demurrers and exceptions because of absence of necessary parties, appellate court was not authorized to pass on them.**

Since trial court had no authority to pass on merits of various demurrers and exceptions after deciding that necessary parties had not been made parties to the suit, appellate court was not authorized to pass on them, and case must be remanded to trial court for proper disposition in order that plaintiffs may have opportunity to amend their pleadings if they so desire by adding necessary parties.

Appeal from District Court, Potter County; W. E. Gee, Judge.

Action by Mrs. Gertrude A. Dial and others against N. H. Martin and others. From a judgment of dismissal, plaintiffs appeal. Affirmed in part, and reversed and remanded in part.

Fletcher & Bishop, of Amarillo, and W. B. Harrell, of Dallas, for appellants.

David Proctor, of Fort Worth, and Carrigan, Britain, Morgan & King, of Amarillo, for appellee Gulf Production Co.

J. T. Montgomery and R. C. Stanford, both of Wichita Falls, for appellees Cline and Panhandle Refining Co.

Lydick, McPherren & Jordan, of Oklahoma City, Okl., for appellee Umpleby.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

8 S.W.(2d)—16

Don Emery, of Amarillo, for appellee Phillips Petroleum Co.

Wm. J. Rieker and Burney Braly, both of Fort Worth, for appellee Marland Oil Co.

G. R. Pate, of Wichita Falls, for appellee Hamilton.

W. B. Hamilton, of Dallas, for appellees Martin and others.

HALL, C. J. This action was originally instituted in the district court of Hutchinson county, and was, by some of the defendants, removed to the federal court at Amarillo. Afterward, by agreement of all parties, the case was transferred to the district court of Potter county. The original suit was filed by Mrs. Dial for herself and as executrix of the estate of her husband, J. C. Dial, deceased, and as guardian and next friend of her two minor children, David and Elizabeth, against the appellees and Lee Bivens. Bivens is not a party to this appeal.

After the case was transferred to the district court of Potter county, the court entered an order appointing Lloyd Fletcher, one of the attorneys of record for the plaintiffs, as guardian ad litem of the minors, David and Elizabeth Dial. Fletcher, as such guardian ad litem, filed his amended petition naming as defendants the following appellees: N. H. Martin, J. J. Perkins, W. B. Hamilton of Wichita Falls, W. B. Hamilton of Dallas, W. D. Cline, G. R. Pate, George E. Martin, Errett R. Newby, J. B. Umpleby, Tom E. Durham, and the following corporations: Panhandle Refining Company, Gulf Production Company, Goldeline Oil Corporation, Buttram Petroleum Corporation, Marland Oil Company of Texas, and Phillips Petroleum Corporation.

After the filing of this petition by Fletcher, as guardian ad litem, Mrs. Dial filed her amended petition, as executrix of the estate of J. C. Dial, deceased, adopting the allegations and prayer contained in the pleading filed by Fletcher.

The petition, with its exhibits, comprises about 130 pages of the transcript, and since the trial judge sustained a general demurrer and numerous special exceptions to it, and upon the refusal of the plaintiffs to amend, dismissed the action, from which order this appeal is prosecuted, it is necessary for us to set out briefly the material allegations of such pleading.

After the formal parts of the petition plaintiffs allege that the suit is brought to set aside a certain oil and gas lease, a certain deed of conveyance, and a certain judgment under which all the defendants are asserting some character of claim or right to certain lands in Hutchinson county, Tex., which are fully described in the petition. This is followed by a count in the form of trespass to try title.

Following these formal allegations, it is alleged that the minors, Elizabeth and David, derived title to the lands as the heirs of their father, J. C. Dial, who died April 8, 1918, leaving a will naming their mother, Mrs. Gertrude A. Dial, as executrix, with certain powers as shown by the will (attached as an exhibit). The terms of the will are set out, and it is alleged that it was probated upon the application of Mrs. Dial and W. H. Dial, on May 11, 1918, and that the probate court ordered that letters testamentary be issued to Gertrude A. Dial; that on May 14, 1918, Mrs. Dial and W. H. Dial, her father-in-law, made and filed an affidavit in the probate court, which recites that J. C. Dial, just before his death, said that he wished his father, W. H. Dial, to assist his wife, Mrs. Gertrude A. Dial; in the administration of his estate, and desired that they be appointed and act jointly as executrix and executor; that on May 15, 1918, the probate court entered an order reciting the facts shown in the affidavit and that all parties in interest had agreed thereto, and appointed W. H. Dial joint executor, ordering him to act jointly with Mrs. Dial. Further allegations are made with reference to the power of Mrs. Dial and W. H. Dial to act, which will be considered hereafter.

It is further alleged that he real estate involved in this action, consisting of about 20 sections of land, was at the time of the death of J. C. Dial the partnership property of Dial Bros., a firm composed of J. C. Dial and C. L. Dial; that said firm was operating a ranch under the firm name; that under the terms of the will of J. C. Dial, his interest, upon his death, descended to and vested in the minor plaintiffs in fee simple; that the defendants are claiming some interest in said land by reason of a purported oil and gas lease. Said lease is attached and made a part of the petition dated November 30, 1918, and in addition to the stipulations of an ordinary gas lease, contains this recitation:

"This agreement was made and entered into November 30, 1918, by and between Dial Bros., a firm composed of C. L. Dial and J. C. Dial, by C. L. Dial, W. H. Dial, executor, and Gertrude A. Dial, executrix, for the estate of J. C. Dial, deceased, of Hutchinson county, Texas, hereinafter called lessor, and Thomas Durham, of Potter county, Texas, lessee, witnesseth."

The lease recites a consideration of $10 cash in hand paid; provides for development or the payment of annual rental, in lieu of development, in the sum of $2,761. It is signed, "C. L. Dial," "W. H. Dial, Executor of the Estate of J. C. Dial, Deceased," "Gertrude A. Dial, Executrix of the Estate of J. C. Dial, Deceased," and was duly acknowledged and recorded.

The petition attacks this lease as being void upon the following grounds:

(a) Because the partnership of Dial Bros. had previously been dissolved by the death of J. C. Dial, and none of the grantors had authority to act for or in the name of the partnership in executing said lease.

(b) Because C. L. Dial had no authority to act for or in the name of the partnership and did not assume to so act, and did not act or assume to act as surviving partner, and said lease was not executed for the purpose of winding up the partnership.

(c) Because W. H. Dial and Gertrude A. Dial had no power as individuals or in any representative capacity, either alone or in connection with C. L. Dial, to do any act with reference to the late partnership, for any purpose.

(d) That there was no consideration for the execution of the lease.

(e) That no application had ever been made to the probate court for authority to make the lease, and no authority had been granted, and that there was. no necessity for making said lease.

(f) That W. H. Dial and Gertrude A. Dial, in violation of their trust, in making the lease were not acting for the estate of said minors, but were acting with C. L. Dial in their own interest and against the interest of the minors, and the lease was made without the authority of the probate court, and without any. consideration.

(g) That the lessee, Tom Durham, was president of the National Bank of Commerce at Amarillo, and W. H. Dial and C. L. Dial were indebted to said bank and seeking further credit, and that the lease was made in their own interest and in fraud of the interest of the minors; that Gertrude A. Dial signed it at the request of W. H. and C. L. Dial and Tom Durham, upon their representation that the same was for the best interest of the estate of J. C. Dial, deceased, when, in fact, it was against its interests, and that all the defendants knew all of said facts before they acquired any interest under the lease.

It is further alleged that on March 11, 1922, C. L. Dial and wife, Lelia Dial, W. H. Dial, and Gertrude A. Dial, in their fiduciary capacities, executed a deed conveying the lands in controversy to N. H. Martin and J. J. Perkins, which deed is attached as an exhibit. It is a warranty deed, reciting a consideration of $96,000 paid and to be paid as thereinafter specified; also the further consideration of the payment of certain community debts against the estate of J. C. Dial and wife, which debts are listed and fully described in the deed. The deed recites that due proof of the justness of said debts has been made by sworn statement of the creditors, and that said debts existed at the time of the death of said Dial. It is further recited that there was not sufficient personal property to pay said indebtedness or any substantial part thereof, and that there existed a necessity to sell the property to pay said debts. The petition attacks the deed as being void for the following reasons:

(a) That there was no consideration for the deed, and that the purported consideration of $96,000 was never paid. That the recited consideration that the grantees had assumed to pay the debts named in the deed is false. That said indebtedness was not paid at the time of the execution of the deed and it was therefore without consideration.

(b) That the recital that the indebtedness named constituted community debts was not true. That if such debts existed, they were the debts of C. L. Dial, W. H. Dial, and Gertrude A. Dial.

(c) That if said debts were assumed or paid, that the same was without authority, either in fact or law, and such payment was without the request of Gertrude A. Dial or the said minors, or any one acting for them.

(d) That if the debts were a charge against the estate of the minors, the payment, if made, was without authority and was made by the defendants with the fraudulent purpose of acquiring the interest of the said minors in the land.

(e) That if said debts were, in fact, assumed and if they were charged against the estate of the minors, that the assumption was no consideration for the deed, because the estate of J. C. Dial was not relieved or released from liability.

(f) It is alleged, in the alternative, that the debts were the obligations of the firm of Dial Bros., that the partnership was dissolved by the death of J. C. Dial, that the debts then existing had been renewed and extended and new obligations had been incurred, and that the original indebtedness was thereby paid by W. H. Dial, C. L. Dial, and Gertrude A. Dial, and that said renewals did not bind the estate of J. C. Dial, nor the interest of said minors therein, and that, therefore, the deed did not pass the interest of said minors.

(g) That the deed was prepared by the grantees, and that they caused it to falsely recite that due proof of the indebtedness referred to in said deed and the existence and justness of said debts had been made by the sworn statement of the persons holding the same, and that said debts existed at the time of the death of J. C. Dial; that they had caused said deed further to falsely recite that the personal property was insufficient to pay said debts, and that a necessity existed for the sale of said property; that said statements were false, because no proof of the justness of said debts had then been made, because there was, in fact, sufficient personal property to pay all valid debts, because there was no necessity for selling the land, because a large part of the indebtedness was not due,

and, further, because the debts listed were not just claims against the estate of their deceased father.

The deed is further attacked as being void and inoperative to convey the interest of the minors for the following reasons: Because W. H. Dial and Gertrude A. Dial, as executor and executrix, had no right to sell the land without an order of the probate court. That no such order was ever requested or made. Because the will prohibited the sale or incumbrance of the land, and because neither W. H. Dial nor Gertrude A. Dial had been legally appointed executor and executrix of the estate. That Gertrude A. Dial had refused to accept appointment as executrix, but had asked to be appointed jointly with W. H. Dial to administer said estate, and, under such appointment, she had no authority to act independently of the orders of the probate court. That under the provisions of the will, she was not independent executrix and was not authorized to act as such. That the probate court had never authorized or confirmed the sale of the property to Martin and Perkins. That said deed had been prepared by Martin and Perkins and presented to Gertrude A. Dial for execution, as executrix, and that she knew nothing about said deed until it was presented to her by the defendants, and that she unwillingly signed the same, and only signed it after it had been executed by W. H. Dial and C. L. Dial, and after W. H. Dial, C. L. Dial, and N. H. Martin had stated to her that if she did not execute it it would cause the death of W. H. Dial, who had executed notes and incurred indebtedness for the purpose of carrying on the partnership affairs of Dial Bros. and that she signed it to avoid causing the death of W. H. Dial.

It is further alleged that Mrs. Dial is a woman of no business experience; that she was sick, embarrassed, and bothered at the time she executed the deed; that the defendants were men of large business experience and overreached and unduly influenced and coerced her into executing said deed; that she was induced to execute the same by the fraudulent representations on the part of W. H. Dial and N. H. Martin that the land was of little or no value, that the debts recited in the deed were valid and binding obligations against the estate of J. C. Dial, and that the holders of said indebtedness would at once foreclose and take said land, and that there was remaining a large amount of indebtedness unpaid against the estate, and by the further false statement that Martin and Perkins would pay half of said debts if she would execute and deliver said deed to them; that the said lands were, at that time, of the value of several million dollars; that there were no valid or pressing debts against it, all of which facts were known to defendants; that Martin knew that oil and gas had been discovered on and near said lands and such fact was unknown to her.

It is further alleged that during the life of J. C. Dial, the National Bank of Commerce of Amarillo, Tex., loaned Dial Bros., a large sum of money, taking notes and securing the same by a chattel mortgage upon the partnership cattle; that the officers of said bank acted as the agent of the National Cattle Loan Company, which company also loaned the firm of Dial Bros. large sums of money, which were, in most instances, secured by chattel mortgages upon cattle belonging to the firm, and that said bank and loan company acted together in financing the partnership; that at the time of the death of J. C. Dial, the firm owed said bank and loan company about $100,000, evidenced by notes secured by chattel mortgages; that after the death of J. C. Dial, the bank, its officers and agents, and the loan company continued to recognize the partnership of Dial Bros., although the partnership had been dissolved by the death of J. C. Dial, and that said bank and loan company continued to finance the said partnership of Dial Bros., and renew the obligations of said partnership, and that said bank and loan company loaned additional money to C. L. Dial, W. H. Dial, and Gertrude A. Dial, for the purpose of carrying on the firm business of Dial Bros., and that all of said indebtedness was finally merged into and became the indebtedness of C. L. Dial, W. H. Dial, and Gertrude A. Dial, thereby releasing the estate of J. C. Dial and the interest of these minors therein from all liability for any new obligations made after April 8, 1918, that being the date of the death of J. C. Dial; that the said bank, its officers, the said loan company, and its agents, N. H. Martin and J. J. Perkins, realizing that they had released the estate of J. C. Dial from liability, conceived a plan by which said estate could be subjected to the payment of the personal obligations of C. L. and W. H. Dial, and conspired with Martin and Perkins, for the fraudulent purpose of acquiring the interest and estate of said J. C. Dial in said lands, and in pursuance of said fraudulent conspiracy, they represented to Mrs. Gertrude A. Dial that the personal obligations of C. L. and W. H. Dial were valid claims against the estate of J. C. Dial, deceased, and they fraudulently prepared and caused said deed to be executed, containing the fraudulent recitals above set out.

It is further alleged that Mrs. Dial, acting for herself and as guardian and next friend of her minor children, Elizabeth and David, filed a suit in the district court of Hutchinson county, about the 26th day of March, 1926, styled Gertrude A. Dial et al. v. N. H. Martin et al., by which she sought to have the lease and deed hereinbefore described canceled and held for naught; that thereaft-

er, purporting to act for herself individually and as executrix of the estate of J. C. Dial, deceased, and as guardian and next friend of these minors, she made a purported compromise and settlement of the issues involved in said suit; that a judgment was rendered in said cause, in accordance with said settlement, on June 19, 1926, and the said judgment purports to settle the matters in issue in said suit by decreeing the payment to the plaintiffs of $212,500 in cash, and vesting in the appellees the title to the lands described in her petition.

The validity of the judgment is attacked because (1) the court was not in session when said judgment was rendered, and the judge was therefore without power to enter a decree; (2) because the judge who rendered said judgment was disqualified by interest in the case to render the same; (3) because Mrs. Dial had prosecuted the suit as the next friend and guardian of said minors, and at that time was interested in the subject-matter of the suit, claiming an undivided one-half thereof, and was therefore disqualified to represent said minors, and no guardian ad litem was appointed by the court to represent them; (4) that her pleadings in said cause disclosed the fact that she had acted for herself and as executrix in making the deed to Martin and Perkins, and that she had no power to convey the interest of the minors, and for this reason she occupied a hostile position and was adversely interested, and should not have been permitted to represent said minors in settling said suit; (5) that the recitals in the judgment that the court heard evidence and determined the justness and reasonableness of the agreement were false, that no evidence was heard and that the settlement was unreasonable and unjust, that the judgment was procured by the fraud of defendants and their agents, in that they knew that the interest of these minors was worth $25,000,000, knew that oil had been discovered on the land, and knew that such facts were unknown to Mrs. Dial and the minors, and that the defendants fraudulently concealed said facts and falsely stated to Mrs. Dial that the property was not valuable, and that they were paying more than she could expect to get by a trial of the case.

It is further alleged that the defendants are in possession of the land, have drilled a large number of oil and gas wells and received a large quantity of oil and gas, of the value of at least $10,000,000; that under the compromise judgment these minor plantiffs received $106,250; and that the said defendants, N. H. and George E. Martin, J. J. Perkins, and W. B. Hamilton of Wichita Falls, now have in their possession vast sums of money far exceeding the above-named sum, which they have received from the interest of the said plaintiffs by way of revenue from

oil, gas, and other minerals and royalties, all of which is from the interest of plaintiffs in said land.

By their pleadings, they tender the said last-named sum into court and offer to do equity, and ask the court to take into consideration said payments by the defendants to said minor plaintiffs and others in making an accounting and equitable adjustment between the parties. They offer to reconvey their oil and gas rights on 20 acres of land named in the judgment, which was decreed to said minors; they pray for an accounting, the appointment of a receiver, injunction restraining the defendants from further wasting their interest in the lands, for a decree canceling the lease, the deed, the judgment, and all general and equitable relief.

All of the defendants filed general and numerous special exceptions to the petition of the guardian ad litem. The court sustained the general and all the special exceptions. The plaintiffs refused to amend, the cause was dismissed, and from the judgment of dismissal this appeal is prosecuted.

It will be seen from the foregoing brief analysis of the petition filed by the guardian ad litem that the plaintiff minors attack the probate proceedings and the sufficiency of such pleadings to vest any power in Mrs. Dial or W. H. Dial. A consideration of the contentions made in their petition requires the construction of the will of J. C. Dial, deceased, for the purpose of ascertaining the estate vested in Mrs. Dial and in the minors, as well as the powers to be exercised by Mrs. Dial under it.

The petition further attacks the validity of the oil and gas lease and of the deed conveying the lands in question, and also by this proceeding in the nature of a bill of review, they attack the judgment which was previously entered by agreement in this case, under which Mrs. Dial and the minors received $212,500.

The will of Jess Dial provided that in the event of the temination of the widowhood of his wife, Mrs. Gertrude A. Dial, that his brother, C. L. Dial, should be appointed executor of said estate.

As stated in the beginning, this suit was originally instituted by Mrs. Gertrude A. Dial, and in her original petition she made Lee Bivens a party defendant, presumably because he was one of the parties to the agreed judgment which she sought to set aside. After Fletcher filed his original petition for the minors, she filed her first amended original petition, which simply adopts the pleadings of her coplaintiffs.

[1] Under district and county court rule No. 14, the amended petition, when filed, superseded her original petition, and the latter was no longer a part of the pleadings in the case. Bivens had not answered prior to the

time she filed her amended petition, and he is therefore not a party to the proceedings, not being mentioned as a defendant in the petition filed by the guardian ad litem.

[2] The rule is settled in this state that in a proceeding, either to correct or amend the judgment by motion or to vacate and set it aside by a proceeding in the nature of a bill of review, all parties to the judgment must be made parties to such proceeding. Bivens was therefore a necessary party to this action to that extent. Dallas County Bois d' Arc Island Levee District v. Glenn (Tex. Com. App.) 288 S. W. 165; Rone v. Marti (Tex. Civ. App.) 244 S. W. 639; Clevenger v. Mayfield (Tex. Civ. App.) 86 S. W. 1062; Williams v. Nolan, 58 Tex. 708; York v. Cartwright, 42 Tex. 136.

[3] The rule is also settled in Texas that all parties to a deed, contract, or other writing must be made either parties plaintiff or defendant in an action for cancellation and rescission of such instrument. Business Men's Oil Co. v. Priddy (Tex. Com. App.) 250 S. W. 156, Id. (Civ. App.) 241 S. W. 770; McKay v. Phillips (Tex. Civ. App.) 220 S. W. 176; Perkins v. Terrell (Tex. Civ. App.) 214 S. W. 551; McNeill v. Cage, 38 Tex. Civ. App. 45, 85 S. W. 57; American Cotton Co. v. Collier, 30 Tex. Civ. App. 105, 69 S. W. 1021; 2 Black on Cancellation and Rescission, §§ 657, 658; 9 C. J. p. 1225 et seq.; 4 R. C. L. 517.

The record shows that the oil and gas lease was executed by Mrs. Gertrude A. Dial, her father-in-law, W. H. Dial, and C. L. Dial, and that the deed was executed by the same parties, joined by Mrs. Lelia Dial, the wife of C. L. Dial. These parties were therefore necessary parties defendant to such an action.

[4] The plaintiffs pray for an accounting of the partnership affairs and for their interest in the rents, revenues, and royalties which have been received from the premises under the lease. It is a fundamental rule that all the members of a firm are necessary parties to an action for an accounting or where the partnership affairs are involved. 2 Rowley's Mod. Law of Partnership, §§ 719, 795, and the authorities there cited.

[5, 6] The absence of necessary parties to an action presents a question of fundamental error which may be raised in the appellate court, and it is the duty of the appellate court, even without an assignment of error, to take notice of such a defect. Presumably the trial judge sustained the general demurrer on account of the failure of plaintiffs to make C. L. Dial a party defendant. We affirm his action in this particular and think the demurrer should have been sustained upon the further ground that the petition showed upon its face, when construed in connection with the exhibits attached, that Lee Bivens, W. H. Dial, and Mrs. Lelia Dial were also necessary parties. In the absence of necessary parties, the trial court is without authority to pass upon the merits of the action or to decide any question which may affect the rights of such necessary parties, who have been omitted from the pleadings. It follows, therefore, that the action of the trial court in considering and sustaining the numerous demurrers and special exceptions filed by the parties was error.

As said by Fly, C. J., in Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522:

"The failure to make the necessary parties to the suit is fundamental error, and must be considered by an appellate court if discovered by it. The error in this case is apparent from the petition of appellees, which alleged the marriage state of Mrs. Jenkins, and yet failed to account for nonjoinder of the husband." State National Bank of San Antonio v. Lancaster (Tex. Civ. App.) 229 S. W. 883; Sevier v. Teal, 16 Tex. 371; King v. Commissioners Court, 10 Tex. Civ. App. 114, 30 S. W. 257; Le Master v. Lee (Tex. Civ. App.) 150 S. W. 315; First State Bank & Trust Co. v. Southwestern Engineering & Construction Co. (Tex. Civ. App.) 153 S. W. 680.

[7] Since the trial court had no authority to pass upon the merits of the various demurrers and exceptions, after deciding that necessary parties had not been made parties to the suit, this court is not authorized to pass upon them, and, as stated in the First State Bank & Trust Co. Case, supra, and other authorities, the proper disposition to make of this appeal is to remand the case to the trial court, in order that plaintiffs may have an opportunity, if they so desire, to amend their pleadings by making necessary parties, and such other amendments as they may deem necessary.

The judgment is therefore affirmed in part and reversed and remanded in part.