RUNCK et al. v. GATES. (No. 8144.)

Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1929.

Rehearing Denied March 20, 1929.

Boone & Savage and F. A. Raymer, all of Corpus Christi, for appellants.

E. B. Ward and S. Eldon Dyer, both of Corpus Christi, for appellee.

FLY, C. J. This is a suit by appellee against John Runck and the Southwestern Guaranty Title Company for the cancellation of a deed and setting aside a sale to certain real estate in Corpus Christi, known as lot 9 in block 14 of the Bay View addition, for actual and exemplary damages, and that appellants be restrained from recording a certain deed signed by appellee or from interfering with the title and possession of said land.

The cause was tried by jury, and on their answers to special issues judgment was rendered that the sale be set aside, the deed canceled; that appellee recover of John Runck the sum of $250 exemplary damages, and that the Guaranty Title Company, which held possession of the deed executed by appellee to Valentine Runck, be enjoined from delivering the said deed to any one, or recording the same.

The papers which appellee seeks to cancel are all connected with Valentine Runck. The deed executed by appellee is to Valentine Runck, and the promissory notes are signed by him alone. The name of John J. Runck nor of the title company appears on any of the papers connected with the transaction.

The action to cancel is in a court of equity, and, of course, governed by rules as old as the system of equity itself. Pomeroy states the governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in one suit the rights and duties of all parties, which really grow out of or are connected with the subject-matter of the suit. The fundamental principle concerning parties is that all persons in whose favor or against whom there might be a recovery, however insignificant, and also all persons who are interested, although indirectly in the subject-matter and relief granted, and whose rights might be affected by the decree, shall be made parties to the suit. Pom. Eq. Jur. § 114. As said by Black, Rescission and Cancellation, § 657: "In order to obtain a decree in equity for the rescission of a contract or the cancellation of a written instrument, it is necessary to bring before the court as parties to the action, all those having interest in the subject-matter, or whose rights or claims must be adjudicated and concluded in order to do complete equity in the premises." Again, in section 658, it is said: "It is proper, if not necessary, to join as defendants in an action for rescission or cancellation all the parties who participated in the fraud which is the basis of complaint, or who conspired or colluded together to defraud the complainant, though the several defendants may have different interests in the result of the fraud. Thus, where certain defendants fraudulently induced a third person to execute to them a deed to land which was really owned by the plaintiff, such person is a necessary party to an action to cancel the deed." That is the unbroken rule. Appellee recognizes the rule, but claims that this is not a suit to cancel or rescind any instrument, but merely an action to restrain the delivery of a deed, but this contention is not sustained by the record. The prayer to the petition is as follows: "Wherefore, defendants having been cited

and answered herein, plaintiff prays judgment of the court cancelling the alleged deed and removing the cloud cast upon the title to his property by reason thereof, and that the alleged sale be in all things rescinded, and set aside, and held for naught; * * * and that the defendants, and each of them, be restrained from recording the said deed, or in any manner interfering with the plaintiff in his title and possession to the said property. * * *" In conformity with that prayer the court decreed "that the alleged sale and the alleged deed to the property in question, hereinafter described, be held for naught; that the alleged deed be cancelled and in all things set aside." The decree of cancellation was followed by a decree restraining appellants from delivering the deed to Valentine Runck or from recording the same.

Prima facie, the grantee in the deed was, of course, the beneficiary in the transaction, and was a necessary party in annulment proceedings. Unless Valentine Runck, the grantee in the deed, is made a party, appellee could not properly obtain a decree of cancellation of the deed. Appellee could not dispose of his prima facie interest by a mere allegation that he had no interest in the matter.

So far as the decree sought to cancel the deed and set aside the transactions connected with the purported sale to Valentine Runck, it is invalid and will be set aside, and the cause remanded that he be made a party, but that part of the decree restraining appellants from delivering or recording the deed or taking any other steps in connection with the sale of the land in any manner will be affirmed; costs to be equally divided between appellants and appellee.

Affirmed in part, reversed and remanded in part.