### McCURDY et al. v. RICHEY et al.

### No. 4973.

Court of Civil Appeals of Texas. Texarkana.

May 14, 1936.

Thompson, Knight, Baker & Harris, J. E. Henderson, Dwight L. Simmons, and A. P. Carr, all of Dallas, for appellants.

Taylor, Storey & Dotson and Wynne & Wynne, all of Longview, for appellees.

SELLERS, Justice.

This is a suit by Mrs. Ida Richey and husband, George W. Richey, against W. L. McCurdy, trustee, E. J. McCurdy, Louise Carr and husband, A. P. Carr, to cancel a

certain oil and gas lease on a 1-acre tract of land located in Gregg county; and also to cancel a certain written contract referred to as a "pooling agreement."

It seems that on April 13, 1931, the above-mentioned 1-acre tract of land was a part of the community estate of George W. Richey and his wife, Ida Richey, but is now the separate property of Ida Richey, and that on said date they executed an oil and gas lease on said land to defendants W. L. McCurdy, trustee, and A. P. Carr. This lease contains the usual rental provisions for the deferring of drilling operations.

It appears that George W. Richey and his children by a former marriage own 20 acres of land which was the community property of George W. Richey and his first wife. The plaintiffs herein, together with the children of the first marriage, executed an oil and gas lease on this 20-acre tract to the same lessees on the 1-acre tract. These two tracts of land join. On June 15, 1931, the plaintiffs and the children of the first marriage of George W. Richey and the lessees entered into the pooling agreement, which is as follows:

"The State of Texas

"County of Gregg.

"Whereas, on the 2nd day of April, 1931, a certain oil and gas mining lease was made and entered into by and between G. W. Richey and wife, Ida Richey, W. H. Richey and wife, Kate Richey, J. A. Parnell and wife, Edna Parnell, G. O. Bridger and wife, Grace Bridger, all of Gregg County, Texas, as lessor and W. L. McCurdy, Trustee, and A. P. Carr, as lessee, covering the following described tract of land, located in the County of Gregg and State of Texas, and described as following, to-wit: [Here follows description of the 20-acre tract.]

"Whereas, on the 13th day of April, 1931, a certain oil and gas mining lease was made and entered into by and between George W. Richey and wife, Ida Richey, as lessor, and W. L. McCurdy, Trustee, and A. P. Carr, Lessee, covering the following described tract or parcel of land located in the County of Gregg and State of Texas, and described as follows to-wit: [Here follows description of one-acre tract.]

"Whereas, it is the desire and intention of the lessors and lessees in the above described oil and gas mining lease to incorporate both tracts of land described in said leases into one and the same lease.

"Now, therefore, know all men by these presents:

"That, We, G. W. Richey and wife, Ida Richey, W. H. Richey and wife Kate Richey, J. A. Parnell and wife, Edna Parnell, and G. O. Bridger and wife, Grace Bridger, do for and in consideration of Ten Dollars to us in hand paid, and other good and valuable consideration, the receipt of which is hereby acknowledged, in hand paid by W. L. McCurdy, Trustee, and A. P. Carr, covenant and agree and have by these presents covenanted and agreed with the said W. L. McCurdy, Trustee, and A. P. Carr, that the oil and gas mining lease dated April 2, 1931, file No. 11,531 in and for Gregg County, Texas, shall and does hereby cover and include in addition to the tract of land therein described, the following described tract or parcel of land located in the County of Gregg and State of Texas, and described as follows, to-wit: [Here follows description of the one-acre tract.]

"And we and each of us do hereby covenant and agree with the said lessee and with each other, that we shall participate and share in all oil royalties or rentals and gas royalties or rentals due and to be paid under the terms of said lease in the proportion that each of us owns to the total lands covered by said lease, and we and each of us do hereby ratify and confirm said oil and gas mining lease as being in good standing without change other than as hereinabove specified.

"Witness our hands this 15th day of June, 1931.

    "W. H. Richey
    "Kate Richey
    "G. O. Bridger
    "Grace Bridger
    "G. W. Richey
    "Ida Richey
    "J. A. Parnell
    "Edna Parnell,
       "Lessors,
    "W. L. McCurdy, Trustee.
    "A. P. Carr,
       "Lessees."

The instrument was properly acknowledged by all parties thereto. Under this agreement plaintiff Mrs. Ida Richey is receiving her proportionate share of the royalty.

It is alleged by plaintiffs that at the time the above contract was executed there was a contemporaneous oral agreement whereby it was understood that said contract

was entered into for the purpose of enabling defendants to enter into a contract with L. H. Wentz for the drilling of two wells on the 20-acre tract of land, and agreeing that Wentz should be paid for the drilling of said wells out of the oil to be produced from them, and with the distinct understanding and agreement that, at the time and when Wentz should be repaid the amount of money contracted to be paid him for the drilling of said wells from the oil produced from said wells, said above-mentioned contract pooling the two leases should come to an end and be no longer effective as between the plaintiffs and defendants W. L. McCurdy, trustee, and A. P. Carr, or their assigns; and that, when Wentz should be paid his money, the 1-acre tract and the lease thereon would be taken out of the pooling agreement and become effective so that an oil and gas well could be drilled on the same. It is then alleged that Wentz on December 8, 1933, had received all the money due him for the drilling of said two wells, and that the original lease on the 1-acre tract on this date was in full force and effect, and that the pooling agreement terminated on this date, and the lease on the 1-acre tract terminated on April 13, 1934, for the failure to pay the annual rentals provided for therein.

By alternative plea plaintiffs alleged: "Should it appear for any reason that the oral contract between the parties with reference to the pooling of said two leases and the combining of same for the purpose of enabling the defendants to have the said two wells drilled on said 20-acre lease whereby it was agreed that said one acre lease should be taken out of said pooling agreement when the said L. H. Wentz had been paid the amount of his contract, is not binding upon the defendants, then in the alternative the plaintiffs allege that said promises on the part of the defendants made at said time were made with no intention on their part to perform same and were falsely and fraudulently made for the purpose of having the plaintiffs to execute and deliver said agreement combining said leases and were relied upon by the plaintiffs in so executing and delivering said contract and said contract is void."

The case was tried to a jury, and, in accordance with their verdict, the court entered judgment canceling the pooling agreement and the lease on the 1-acre tract of land, and removing them as a cloud on the plaintiffs' title. From this judgment the defendants have appealed to this court.

The assignments of error and propositions thereunder raise questions of the admissibility of certain evidence offered in support of the alleged contemporaneous oral agreement, but the view taken by this court of the case renders consideration of the question unnecessary.

This suit has for its purpose the cancellation of the lease on the 1-acre tract of land; and also the cancellation of the pooling agreement. The legal effect of the pooling agreement is to modify the lease on the 20-acre tract so as to include within its terms the 1-acre tract of land and to readjust the distribution of the royalty payable under the lease on the 20-acre tract. It is at once apparent that the children of George W. Richey who own one-half interest in the 20-acre tract and who signed the pooling agreement sought to be canceled may be materially affected by the cancellation of this pooling agreement, and for these reasons are necessary parties to this suit. 7 Tex.Jur. § 54, p. 972. This question is not raised by appellants, but it presents fundamental error, and therefore no assignment is necessary. Sharp v. Landowners Oil Ass'n (Tex.Com. App.) 92 S.W.(2d) 435.

The judgment of the trial court is reversed, and the cause is remanded.