**J. C. ALVIS et ux., Appellants,**

**v.**

**T. B. McDONALD et al., Appellees.**

**No. 6791.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 10, 1955.

Rehearing Denied March 10, 1955.

R. T. Wilkinson, Leonard Passmore, Mt. Vernon, for appellants.

Carney & Mays, Abe M. Mays, Jr., Atlanta, Woodrow Edwards, Mt. Vernon, for appellees.

This is a suit by J. C. Alvis and wife, Effie Alvis, plaintiffs below, against T. B. McDonald, Claude McDonald, E. J. Moran, L. A. Grelling and the unknown heirs of G. D. Kelley, deceased, defendants below, to cancel a certain mineral deed executed by plaintiffs to G. O. Kelley on May 14, 1937, covering a 25-acre undivided interest out of a 100-acre tract of land situated in Franklin County. Fraud was alleged as the basis for cancellation.

Trial was to a jury and at the conclusion of the trial the court, on motion of defendants T. B. and Claude McDonald, withdrew the case from the jury and rendered judgment that plaintiffs take nothing and quieted title to said minerals in T. B. and Claude McDonald.

Although plaintiffs alleged that service of citation was had upon E. J. Moran and L. A. Grelling, no service or answer is revealed by the record. These defendants hold current oil and gas leases upon the 100-acre tract of land involved.

Plaintiffs prayed for citation by publication to the unknown heirs of G. O. Kelley, but the record does not reveal any such service or the appointment of an attorney to represent them and no answer has been filed in their behalf.

The record reveals that Dove McDonald procured the execution of the mineral deed sought to be cancelled and placed the same in the name of his brother-in-law, G. O. Kelley.

Appellants bring forward three points of error but it is unnecessary to discuss them, since disposition of the case in this court turns upon a question not called to the attention of the trial court nor assigned as error by appellants in this court, but which is held to be fundamental. It appears to us that the rights of the defendants Moran, Grelling and the beneficiaries of the trust would be affected by a decree of cancellation and they are necessary parties to the suit. And the unknown heirs of

G. O. Kelley are proper, if not necessary parties to the suit in order for the court to grant full relief in a case of this kind.

In Sharpe v. Landowners Oil Ass'n, Tex. Com.App., 127 Tex. 147, 92 S.W.2d 435, 436, it is stated:

"It is settled beyond all question in this state that in a suit to cancel a written instrument all persons whose rights, interests, or relations with or through the subject-matter of the suit will be affected by the cancellation are necessary parties. Business Men's Oil Co. v. Priddy, Tex.Com.App., 250 S. W. 156; McKay v. Phillips, Tex.Civ. App., 220 S.W. 176; State National Bank v. Lancaster, Tex.Civ.App., 229 S.W. 883; Dial v. Martin, Tex.Civ. App., 8 S.W.2d 241. The absence of a necessary party in a suit for cancellation is fundamental and jurisdictional to such extent that it must be considered by this court. It being apparent from the face of the record in this case that Stubblefield and wife are necessary parties to the suit, the trial court was not authorized to enter any judgment, and this court cannot render any judgment except to reverse and remand the case. Barmore v. Darragh, Tex.Civ.App., 227 S.W. 522." (Emphasis supplied.)

In the more recent case of Royal Petroleum Co. v. McCallum, Tex.Com.App., 134 Tex. 543, 135 S.W.2d 958, 968, in addition to restating the rule above quoted from the Sharpe case, it is further stated:

"The governing rule was more fully stated in the case of Runck v. Gates, Tex.Civ.App., 14 S.W.2d 885, in this language. 'The action to cancel is in a court of equity, and, of course, governed by rules as old as the system of equity itself. Pomeroy states the governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in one suit the rights and duties of all parties, which really grow out of or are connected with the subject-matters of the suit. The fundamental principle concerning parties is that all persons in whose favor or against whom there might be a recovery, *however insignificant,* and also all persons who are interested, although indirectly in the subject-matter and relief granted, and whose rights might be affected by the decree, shall be made parties to the suit.' " (Emphasis supplied.)

The Business Men's Oil Co. case, supra [250 S.W. 158], approves the rule as stated in 9 C.J. 1225, expressed as follows:

" 'That all persons whose rights, interest, or relations with or through the subject matter of the suit would be affected by the cancellation or rescission should be brought before the court, so that they can be heard in their own behalf. This is in accordance with the well-settled rule that in suits in equity every person having or claiming equitable or legal rights in the subject-matter must be made a party. The court cannot undertake to cancel a written instrument without having before it all the parties to be affected by the proposed cancellation. And where a final decree in a suit to cancel deeds cannot be made without materially affecting the interests of persons not made parties, *neither court of original jurisdiction nor of review should proceed further until the omission is corrected, although no objection is made by any party litigant.' "* (Emphasis supplied.)

12 C.J.S. Cancellation of Instruments, § 52, page 1027; Dial v. Martin, Tex.Civ.App., 8 S.W.2d 241; Christian v. Hood, Tex.Civ. App., 19 S.W.2d 621; Hurst v. Knight, Tex.Civ.App., 164 S.W. 1072; Perkins v. Terrell, Tex.Civ.App., 214 S.W. 551; McKay v. Phillips, Tex.Civ.App., 220 S.W. 176; Shell Oil Co. v. Howth, 138 Tex. 357, 159 S.W.2d 483; McCurdy v. Richey, Tex.Civ.App., 94 S.W.2d 837.

The record further reveals that G. O. Kelley, during his lifetime, conveyed said

25 acres of minerals to T. B. McDonald and Claude McDonald, Trustees. The deed was dated July 20, 1940. The evidence shows that there were four McDonald brothers, viz.: Dove McDonald, T. B. McDonald, Claude McDonald and Charlie McDonald. The evidence shows that Dove and Charlie were beneficiaries of the trust in the deed from Kelley to the Trustees. In 7 Tex.Jur., 974–975, sec. 55, it is said:

> "In a suit to cancel a conveyance, it it is necessary to join the grantor and the grantee. Necessary or indispensable parties include persons owning a part interest in the land, third party beneficiaries, in the absence of a tender of a release of their rights, and heirs whose interest is such that it may be affected by the decree. * * *

> "In a suit by or against a trustee, the cestui que trust has been held a necessary party, being the real party in interest, and having equitable rights which would be affected by the decree." (Italics supplied.)

The judgment of the trial court is reversed and the cause remanded. One-half the costs of this appeal is taxed against appellants and one-half against appellees.

FANNING, J., not sitting.

## On Motion for Rehearing

Appellants and appellees have filed a joint motion for rehearing herein in which they call attention to a stipulation in the trial court between appellants and appellees to the effect that E. J. Moran and L. A. Grelling did not own any interest in the property at the time of the trial. The record does not reflect that either of the attorneys represented Moran and Grelling and we doubt if the stipulation would have any effect upon the situation. Some original letters were attached to the motion showing that neither Moran nor Grelling claims any interest in the property. This court cannot consider original evidence in a case.

Assuming that neither Moran nor Grelling claims any interest in the property, Dove and Charlie McDonald, the beneficiaries under the trust are necessary and indispensable parties to this suit and we cannot proceed further until they are made parties.

We suggest that if the leases to Moran and Grelling are going to be offered in evidence for any purpose upon another trial of this case, a release of such leases be secured and offered, or get them to file disclaimers in the case.

The motion is overruled.