The defendant is a fraternal beneficial association organized under the laws of this state, having branches called subordinate assemblies, located in other states and in Canada. It holds conventions every four years, at which it elects convention officers and also (to hold office for four years) supreme officers and a board of advisors. General business of the association is also transacted at convention.
Prior to April, 1925, its by-laws provided that any six or more persons (possessing certain qualifications) might be formed into a subordinate assembly and receive a charter certifying its admission into the association and thereupon should have all the powers and be liable for all duties of a subordinate assembly, including the right to be represented by a delegate at defendant's conventions, the expenses of such delegate to be paid by the defendant, and that every member of subordinate assemblies should pay five cents per week toward convention expenses.
The defendant's by-laws further provide that the by-laws governing subordinate assemblies may be altered at any regular convention by a vote of two-thirds of the delegates. At a convention held April, 1925, the by-laws were duly amended in two particulars. First, that while six or more persons might be formed into a subordinate assembly, such *Page 71 
assembly should be considered as in process of formation only, until it should have twenty-five members when it would then be duly established and have a charter issued to it and thereupon it would have all the powers and be liable to all duties of a subordinate assembly.
Second, that only a duly established subordinate assembly might send a delegate to conventions. And at said convention a resolution was adopted providing that subordinate assemblies having less than twenty-five members should not be entitled to have a delegate at conventions. Notwithstanding the amendments and resolution, defendant claims the right to receive delegates at its conventions from assemblies having less than twenty-five members, chartered prior to April, 1925.
The complainant is a subordinate assembly having more than twenty-five members. It claims that under said amendments and resolution defendant cannot receive delegates to its conventions from any assembly having less than twenty-five members; that many delegates travel a considerable distance to attend conventions and that their total expenses paid by defendant amount to a large sum of money; that if delegates from assemblies having less than twenty-five members are permitted to participate in convention proceedings, the elections and other acts of the convention will be invalid and property rights affected thereby. Complainant prays that the right of subordinate assemblies having less than twenty-five members to participate through delegates in defendant's conventions be determined. Defendant admits all of complainant's allegations, except that defendant asserts that subordinate assemblies having less than twenty-five members, whose charters antedate April, 1925, are entitled to send delegates to its conventions to participate therein.
Defendant has one hundred and two (of its three hundred and ninety) subordinate assemblies, whose charters antedate April, 1925, each having more than six and less than twenty-five members, and since April, 1925, twenty-three assemblies have been organized with less than twenty-five members each, to which latter limited charters, without voting power, have been issued. *Page 72 
I think it quite clear that the subordinate assemblies organized after April, 1925, with less than twenty-five members, are bound by defendant's by-laws as amended. They knew that under the by-laws they could have no right to be represented by delegates at defendant's conventions until their membership reaches twenty-five and they accepted limited charters which carry no right to such representation.
As to assemblies organized prior to April, 1925, and having between six and twenty-five members, the situation is different. The resolution adopted at the convention of April, 1925, can have no effect upon the question involved because it does not purport to be an amendment to the by-laws, nor does it appear to have been adopted by a two-thirds vote of the delegates, and consideration will be given only to the amendments to the by-laws, which complainant alleges and defendant admits were regularly adopted. These amendments do not in terms refer to assemblies then in existence, and if it were not that complainant raises the question, it would not occur to me that they were intended to have a retrospective effect. Our courts have said that such amendments should not be given retrospective operation "unless they are so clear, strong and imperative that no other meaning can be annexed to them" (Coghlan v. Improved Order ofHeptasophs, 86 N.J. Law 41; Sautter v. Improved Order ofHeptasophs, 76 N.J. Law 763; Annan v. Hill Union Brewery Co.,59 N.J. Eq. 414), and I shall hold that they do not apply to assemblies chartered prior to April, 1925. But if they were intended to apply to assemblies then holding charters, they cannot be effectual to deprive such assemblies as then had and now have less than twenty-five members of the right to representation at defendant's conventions, because such charters constitute a contract between defendant and those assemblies by which such substantial rights as then accrued to assemblies under defendant's constitution and by-laws became vested in them. Such vested rights may not be impaired by subsequent amendment of the by-laws under a power to amend reserved in general terms. The reserved right to amend must be construed as referring only to reasonable *Page 73 
amendments and not to such as would materially alter the charter contract. O'Neill v. Supreme Council, c., 70 N.J. Law 410;Sautter v. Improved Order of Heptasophs, supra; Coghlan v.Improved Order of Heptasophs, supra; Poole v. Supreme Circle,c., 85 Atl. Rep. 821; affirmed, 80 N.J. Eq. 259; Parks v.Supreme Circle, c., 83 N.J. Eq. 131. Every assembly chartered prior to April, 1925, had the right to be represented by a delegate at defendant's conventions, and, through its delegate, to have a voice in the selection of convention officers and supreme officers, as well as in all matters which might be brought before a convention, having to do with the good and welfare of the association to which it belongs. Such right is a material and substantial right and became vested in such assemblies. To attempt to take away from one hundred and two assemblies which have less than twenty-five members each, the right to have a voice in the management and conduct of their own affairs under the guise of a general power to amend by-laws, would be an unreasonable exercise of such power and therefore invalid. It would be another instance of taxation without representation because such assemblies are still required under the by-laws to contribute five cents per member per week to convention expenses.
This proceeding is brought under the Uniform Declaratory Judgment act. P.L. 1924 ch. 140. It is rudimentary that a decree or judgment cannot bind one not a party to the cause and said act specifically provides (section 11) that when declaratory relief is sought, all persons shall be made parties who have, or claim, any interest which would be affected by the declaration and that no declaration shall prejudice the rights of persons not parties to the proceedings. No subordinate assembly having less than twenty-five members is before the court and while a decree herein will bind the complainant and defendant it will not affect any right which such assemblies may claim to have or any duty owed by them. *Page 74