## C. L. Nixon et al v. R. T. Cowan.

No. 7323.  Decided January 10, 1940.
(135 S. W., 2d Series, 96.)

*C. E. Avery* and *C. B. Wallace,* both of Center, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the trial court erred in sustaining the plea to the jurisdiction and in dismissing the cause. Continental Ill. N. B. & T. Co. v. C. R I. P. R. Co., 294 U. S. 648, 79 L. Ed. 1110; Sharpe v. Landowners Oil Assn., 127 Texas 147, 92 S. W. (2d) 435.

*Tom L. Beauchamp,* of Tyler, for defendant in error.

Mr. Judge Taylor delivered the opinion of the Commission of Appeals, Section B.

On January 1, 1936, R. T. Cowan, as plaintiff, sued C. L. Nixon and H. A. Stebinger, defendants, in the District Court of Shelby County, Texas, to recover damages alleged to be due him for failure to pay the value of one-eighth of the gas produced and sold from 1145 acres of land located in that county, owned by Pickering Lumber Company, a Delaware corporation. The lease under which Cowan asserted his cause of action was executed by the company to E. L. Chapman in 1931. The apparently conflicting lease conveying the same property, and by the terms of which, Cowan alleges certain of his rights under the Chapman lease were disregarded and attempted to be nullified, was executed by Pickering Lumber Company in October, 1935, to H. A. Stebinger. The company at the time this lease was executed was in process of reorganization under Section 77B of chapter 8 of the National Bankruptcy Act (11 U. S. C. A. Sec. 207) pending in the District Court of the United States for the Western Division of Missouri.

Cowan alleged that C. L. Nixon in 1933 acquired six-eighths of the Chapman lease, with all of its rights, privileges and obligations, and that Nixon had failed to account to him for all of the oil and gas saved and marketed from the premises in question. It was alleged that Stebinger was a trespasser thereon and was attempting to drill an oil well thereon without any authority to do so, and that by so attempting created a cloud upon Cowan's interest in the land. The defendants filed an exception and plea of non-joinder of the Pickering Lumber Company, which was alleged to be a necessary party. The trial court on March 7, 1936, sustained the plea, giving plaintiff until July 6th in which to bring in by amendment the party held to be essential to an adjudication of the rights asserted by plaintiff.

On July 7th, at the next term of the court, no amendment having been filed, the trial court dismissed that case. No appeal was prosecuted from the judgment.

On August 14, 1936, the present suit was filed. The nature of this suit appears from what has been stated concerning the first suit, in connection with what is stated in the following statement from plaintiff's brief filed herein:

"Some months prior to the filing of this cause in the District Court of Shelby County, Texas, a petition setting up the

same cause of action against defendants Nixon and Stebinger was filed in the same court. The judge of said court ruled that the Pickering Lumber Company was a necessary party and when the said Company was not joined in the suit by the next term of court, the cause was dismissed for want of prosecution. When plaintiff R. T. Cowan learned of the dismissal, this cause was filed in the District Court of Shelby County, bearing the style, Richard T. Cowan, Plaintiff, v. C. L. Nixon, et al., and numbered 10374.

"In the present suit, the same cause of action was set up against C. L. Nixon and H. A. Stebinger, and the Pickering Lumber Company was also made a party defendant, but the second paragraph of plaintiff's petition set out:

'At the outset plaintiff states that he has no prayer for relief or any claim of any sort against the Pickering Lumber Company, but said Pickering Lumber Company is here made a party defendant because the Judge of the District Court of Shelby County has indicated that he feels the said Pickering Lumber Company is a necessary party because it owns the fee of the land here involved and the royalty interest under same which is not in controversy in this cause. Plaintiff takes the position that since the contract between the Pickering Lumber Company and the defendant H. A. Stebinger amounts to nothing more than a quitclaim of any interest which the Pickering Lumber Company might have in this tract, that it cannot be involved in a decision upon the fraudulent or collusive attempt to defeat plaintiff's one-eighth overriding royalty. The Pickering Lumber Company is thus made only a nominal defendant in this cause.'

"The remainder of the petition was practically identical to the petition set out in the former suit in which Pickering had not been joined, and no relief was asked against the Pickering Lumber Company, which plaintiff specifically called a 'nominal defendant.' "

Pickering Lumber Company made no appearance in the case, and the record does not disclose that it was served with citation or that plaintiff attempted to procure any form of service upon it, or that it had any notice of the pendency of this suit.

Upon a hearing of the pleas to the jurisdiction of the court filed by the defendants, the trial court (after hearing the evidence) again dismissed plaintiff's suit.

The Court of Civil Appeals upon original hearing affirmed the judgment of the trial court. The court subsequently, upon

its own motion, reconsidered the case with the result that a majority of the court reversed the judgment below and directed that the cause be remanded for another trial. The Justice who wrote the original opinion wrote also the court's opinion upon reconsideration, and filed the original opinion as an expression of his dissent. 107 S. W. (2d) 693. No authority is cited in support of the holding of the majority, but three grounds for the reversal of the trial court's judgment are stated in the opinion. The first two are (a) that plaintiff prayed for no relief against Pickering Lumber Company, and that for this reason "it has no place in this litigation"; and (b) that on the facts pleaded the company was not a necessary party to the suit, "though probably a proper party." The third ground will be later referred to.

Writ of error was granted upon defendants' assignment complaining of the action of the Court of Civil Appeals in holding that the trial court incorrectly dismissed plaintiff's suit and in directing that the cause be reversed and remanded.

■ It is our conclusion that the Pickering Lumber Company is an indispensable party to plaintiff's suit and that the trial court's action in dismissing the case upon the record before it, was correct.

The clause of the lease of Pickering Lumber Company to Stebinger upon which plaintiff bases his contention that the company is not an indispensable party, reads:

"25. Lessor makes no warranty as to the title to the lands herein described, but agrees to refund any rentals or royalties from the land to which title may fail.

"26. If said Lessor owns a less interest in any subdivision or part thereof, of the above described lands, than the entire and undivided fee simple estate therein, then royalties and rentals herein provided for as to such subdivisions or such part thereof to which title may fail shall be paid the lessor in the proportion which Lessor's interest in such subdivision or part thereof bears to the whole and undivided fee."

Plaintiff claims an overriding one-eighth royalty under the company's prior (in point of time) lease to Chapman, and alleges that Stebinger in attempting to drill an oil well on the land is a trespasser "and that thereby he has created a cloud on the title of plaintiff." Plaintiff's prayer is for damages and general relief.

Plaintiff contends that the effect of the above excerpt from

the Stebinger lease is to make it nothing more than a quitclaim by the company of any interest "it might have in this tract," and that for this reason it has no place in the litigation.

The language of the excerpt discloses that the company merely declines to warrant title to the interest conveyed by the lease. It shows upon its face that it is in no sense a disclaimer of interest.

The interests of Stebinger and Nixon, if any, acquired and held by them respectively under the Stebinger lease, and the interest, if any, held by Cowan under the Chapman lease, are both deraigned from the Lumber Company as a common lessor, and are conflicting in part at least. If the Chapman lease is upheld and given force and effect in its entirety, then the royalty provision in the Stebinger lease is in effect struck down and cancelled, with the consequence that the royalty therein provided will be lost to the company. The conflict thus presented cannot be determined in the absence of the company as a party litigant to the suit. Sharpe v. Landowners Oil Ass'n. (Com. App.), 127 Texas 147, 92 S. W. (2d) 435 and cases there cited. While plaintiff in his petition names the company as a party defendant, he designates it as a nominal defendant only. The allegations of the petition disclose that no relief of any character is sought against it and that the sole reason for naming it as a party defendant is to satisfy a mistaken view on the part of the trial court. It is not brought within the court's active jurisdiction, no form of service having been had, or attempted to be had, upon it.

■ The third reason assigned by the majority of the Court of Civil Appeals for reversing and remanding the trial court's judgment of dismissal, referred to above, is that the authorities cited and reviewed by the majority opinion as supporting the trial court's judgment, are not in point "because * * * Pickering Lumber Company was not in possession of the property in controversy, nor was its trustee in possession."

The Lumber Company's interest, if any, does not necessarily depend upon whether it is in possession of the premises. Furthermore plaintiff alleged that Stebinger "has entered upon said premises (under and by virtue of the Stebinger lease), and, attempting to take possession thereof, has drilled an oil * * * well thereon and has attempted to produce therefrom oil * * * contrary to the rights of plaintiff and wholly in disregard of the one-eighth overriding interest belonging to this plaintiff." There has been no disclaimer of interest filed by the company,

and it has not, so far as the record shows, been called upon to answer concerning its interest.

The trial court's judgment is purely an order of dismissal reciting as a predicate therefor that all of the parties appeared by their attorneys, "save defendant Pickering Lumber Company, who appeared not," and that the law and the facts were with defendants upon their pleas to the jurisdiction of the court.

It is obvious that any finding of fact relating to the interest of the company would not be binding upon it under the present record. This fact, together with the alleged intention upon the part of plaintiff to seek no relief against it, compel the conclusion that no order other than one of dismissal could properly have been made by the trial court.

It is unnecessary to discuss the respective contentions of the parties relating to the effect of the order of the Federal District Court with respect to placing the company's property in the hands of its trustee for the purpose of reorganization, or the effect of the provisions of the Court's stay order granted in that connection. The effect of such orders can properly be determined if and when the necessity therefor arises.

The judgment of the Court of Civil Appeals is reversed and that of the trial court dismissing plaintiff's suit is affirmed for the reasons stated.

Opinion adopted by the Supreme Court January 10, 1940.