## BALDWIN v. BALDWIN et al.
### No. 10554.

Court of Civil Appeals of Texas. Galveston.

Feb. 29, 1940.

Ewing Werlein, of Houston, for appellant.

R. H. Kelley, Harry R. Jones, and Andrews, Kelley, Kurth & Campbell, all of Houston, for appellee F. T. Baldwin.

Ernest A. Knipp, of Houston, for appellees James C. Baldwin and Robert Basil Baldwin.

GRAVES, Justice.

This appeal is from a judgment of the 80th District Court, in a cause there between these same parties, involving the construction of the will of Jacob C. Baldwin, deceased; the controlling issues below, as well as on the appeal, were these two: (1) Did the testator in such will attempt unequivocally to dispose of the entire community estate of himself and his wife, Mrs. Hattie Baldwin, the appellant here; (2) did the will confer a benefit upon Mrs. Baldwin, the wife, that she would not otherwise have had.

The learned trial court, in considering these among other incidental or subsidiary matters, without a jury's aid, determined both of the stated inquiries in the affirmative, rendering judgment accordingly, couching its decree upon those features in these paragraphs:

"2. At the time of his death, all property—title to which stood in the name of testator—was community property of himself and his wife, defendant Hattie Baldwin. In his said will, testator undertook to, and did dispose of said estate as a whole, including defendant Hattie Baldwin's community interest therein, and said will constitutes in law a full and complete disposition of all such property, and of all of defendant Hattie Baldwin's interest therein.

"3. After testator's death, defendant Hattie Baldwin elected to take under the will of her deceased husband, and accepted and received all of the benefits, which the court finds were substantial in amount and value, accruing to her in and under the will, and consequently such election is now irrevocable, and testator's will is binding

upon said defendant and upon her interest in said estate.

"4. Under testator's will, defendant Hattie Baldwin took an estate for life in one-half of all of the royalties from oil lands then forming a part of said estate and thereafter acquired by said estate, and she will hereafter be entitled to receive a full one-half of all such royalties without deductions for and during her natural life."

On consideration of the appeal, this court, on May 26 of 1938, certified the substance of the stated issues to the Supreme Court; through its adoption of an opinion by Commissioner J. E. Hickman, which was filed here on February 23 of 1940 (having also been reported in 135 S. W.2d 92), that court has in effect expressed the conclusions, both that the testator did attempt unequivocally to dispose of such entire community estate, and that the will, which she construed that way and so acted under it, did confer such an additional benefit upon Mrs. Baldwin.

Wherefore, this court, so viewing the record and the reaches of the review sought here, and considering itself bound by that decision of the Supreme Court, although it did not answer the questions submitted "yes or no" (135 S.W.2d 96, col. 2), finds nothing left for it to properly do than to affirm the trial court's action.

It will be so ordered.

Affirmed.