MARTIN STOCKMAN, Plaintiff, v. WILSON DISTILLING COMPANY, INC., Defendant.*

Supreme Court, Queens County, October 23, 1940.

*Murray Stockman*, for the plaintiff.

*Marcus Miller*, for the defendant.

STEINBRINK, J.   The defendant moves for dismissal of the complaint as insufficient in law in an action for a judgment declaring certain trade agreements promulgated by the defendant invalid, ineffective and abandoned, and for an injunction restraining the defendant from attempting their enforcement against the plaintiff.

The complaint alleges that the defendant, a foreign corporation, is engaged in the State of New York in the business of selling and distributing at wholesale alcoholic beverages of standard brands, including Wilson " That's All " whisky produced by itself and affiliated companies; that the plaintiff is a retail liquor dealer; that the defendant, as exclusive seller and distributor of Wilson " That's All " whisky and availing itself of the protection of chapter 976 of the Laws of 1935, as amended by chapter 14 of the Laws of 1938 and as further amended by chapter 195 of the Laws of 1940, entered into contracts with numerous retailers fixing the minimum retail price of Wilson " That's All" whisky at $2.87 a quart: that numerous liquor retailers in the city of New York are advertising and selling the above-named whisky at less than the fixed minimum price in violation of the trade agreements promulgated by the defendant; that although notified of this condition the defendant has taken no steps to enforce its minimum prices, has unfairly discriminated in its dealings with various and numerous liquor dealers to whom it has given unconscionable discounts; that the defendant has failed to uniformly enforce the price of its beverages, pursuant to its contracts, has encouraged the above-described price cutting, has not used reasonable diligence in withholding the sale of its beverages from those guilty of price cutting; that despite the foregoing the defendant claims that the plaintiff is bound by the promulgated trade agreements and has threatened to institute action against the plaintiff should the plaintiff fail to abide by the minimum price terms of the said agreements.

The purpose of the action is plain.   The plaintiff seeks immunity from the prosecution of any action against him under the statute. It is equally plain that no such immunity can be afforded by means of a declaratory judgment, for even though it be assumed that the

defendant is under a statutory duty to enforce its fair trade agreements and that it has, by failing to discharge that duty, abandoned its rights under the agreements, nevertheless price cutting by the plaintiff would remain actionable " at the suit of any person damaged thereby," including competing retailers. " The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations " (*James* v. *Alderton Dock Yards, Ltd.*, 256 N. Y. 298, 305.) A declaratory judgment could not serve that purpose, for the jural relations attaching to the fair trade agreements, affecting as it does all competing retailers, cannot be determined with finality in this action.

The motion is consequently granted.