244

WELLS v. LEWIS et al.

No. 5856.

Court of Civil Appeals of Texas.
Texarkana.

Dec. 30, 1941.

Rehearing Denied Jan. 15, 1942.

Edwin Fulton, of Gilmer, for appellant.

Florence, Florence & Meredith, of Gilmer, for appellees.

HALL, Justice.

In September 1935, appellees recovered a judgment in the District Court of Upshur County against Thomas Wells, now deceased, husband of appellant, Lottie Wells. That judgment was affirmed by this court. 108 S.W.2d 926. Writ of error was dismissed by the Supreme Court. Executions upon that judgment were issued to the sheriffs of Gregg, Upshur, and Titus Counties. Levies were made by the sheriffs of the various counties, that by the Gregg County sheriff on September 27, 1939, and the date of the sale of the property here in controversy, located in the city of Gladewater, Gregg County, was set for October 3, 1939. On September 30, 1939, appellant, Lottie Wells, joined pro forma by her husband, Thomas Wells, instituted this suit in the 124th District Court of Gregg County, Texas, by which she sought to enjoin the sheriff of Gregg County from making such sale upon the allegations that the property about to be sold by said sheriff was her separate estate. Appellant alleged ownership of the property in controversy through and under conveyances from her husband, Thomas Wells, and under the 3, 5, and 10 year statutes of limitation. Appellant also alleged that the aggregate value of the property levied upon by the several sheriffs was in excess of $100,000, an amount ten times greater than the judgment recovered by appellees against her husband. Appellant alleged further that on the date her husband, Thomas Wells, conveyed to her the property here in controversy, he owned other property sufficient to satisfy appellees' judgment against him. Appellant prayed for temporary injunction against appellees and the sheriff of Gregg County, and for title and possession of the property here in controversy. In the alternative, she prayed for foreclosure of her deed of trust lien on a portion of the property and the foreclosure of a paving lien against same to which she had become subrogated. A temporary injunction was by the trial court granted, restraining the sale of said property "pending final hearing and determination of this cause."

Appellees answered, alleging their judgment of September 1935; that the conveyances by Thomas Wells of the property here in controversy to his wife, appellant, Lottie Wells, were made and executed to defraud his creditors; that the deed of

trust made May 27, 1935, executed by Thomas Wells to Edwin Fulton to secure a pretended indebtedness due his wife, Lottie Wells, was made to defraud his creditors; that whatever consideration paid, if any, by appellant for said property consisted of money belonging to the community estate of appellant and her husband, Thomas Wells. Appellees answered further "that the pretended transfer of title to the land hereinabove described from Thomas Wells to Lottie Wells was a scheme upon the part of said Thomas Wells and Lottie Wells to hinder and defraud their creditors in the collection of their just and lawful debts; and especially these defendants, * * *"; that on the dates of said conveyances and the deed of trust to Fulton, "Thomas Wells and wife, Lottie Wells, were not possessed of property within this State subject to execution, sufficient to pay their existing debts other than the property herein fully described." Appellees prayed for a cancellation of the conveyances from Thomas Wells to appellant; dissolution of the temporary injunction; and for writ of venditioni exponas to issue, commanding the sheriff of Gregg County to proceed to sell said property under the original execution. Answering appellees' cross-action for cancellation of the conveyances from Thomas Wells to her, appellant denied all the allegations therein to the effect that said conveyances were made to hinder and defraud the creditors of Thomas Wells, and alleged that temporary injunction had been granted by the District Courts of Titus and Upshur Counties restraining the sheriffs of said counties from selling her property levied on by them in said counties.

On August 9, 1940, appellant filed her motion suggesting the death of her husband, Thomas Wells, in which she set out the names of the heirs of said Thomas Wells, and alleged that they were necessary parties to appellees' cross-action to cancel the deeds from Thomas Wells to Lottie Wells, appellant. August 12, 1940, three days before the rendition of the judgment herein by the trial court, appellees filed a motion suggesting the death of Thomas Wells. The court below ordered the trial to continue in the name of Lottie Wells, "the surviving plaintiff."

Trial was to the court without a jury, resulting in judgment for appellees, holding the deeds from Thomas Wells to appellant and the deed of trust from Thomas Wells to Edwin Fulton void; denying appellant's claim of ownership of said property; dissolving the temporary injunction theretofore issued, and ordering the issuance of a writ of venditioni exponas, commanding the sheriff of Gregg County to sell the property in controversy under the writ of execution.

Appellant's proposition No. 1, under point 3, is: "After the death of Thomas Wells, the court was without further jurisdiction to proceed on appellees' cross action and plea for affirmative relief to cancel the two deeds executed by Thomas Wells to Lottie Wells on the property involved herein without first requiring the heirs of the said Thomas Wells or his administrator to be made parties to this suit." On the 17th day of August, 1935, Thomas Wells conveyed to appellant, his wife, certain lots located in the city of Gladewater, Texas, for a recited consideration of $10. On the 17th day of March, 1938, Thomas Wells conveyed certain other lots located in Gladewater to his wife, appellant herein, the consideration therefor being the cancellation of a deed of trust, lien and note, for the sum of $6,000, alleged to be owing by Thomas Wells to his wife, Lottie Wells, appellant herein. It was the contention of appellees that these two deeds, as well as the deed of trust, were void, because executed by Thomas Wells for the purpose of hindering and defrauding his creditors, particularly these appellees. As we view this case, it was, from appellees' standpoint, one primarily to cancel the deeds above referred to by which Thomas Wells conveyed the property here in controversy to his wife, appellant, Lottie Wells. The allegations in their cross-action, as well as their prayer for relief, reflect this view. Appellees' effort to dissolve the temporary injunction theretofore granted, staying the sale under the execution, was incidental to and dependent upon their right to an annulment and cancellation of the two deeds from Thomas Wells to appellant. Under their theory of the case, said deeds were ineffective to convey title to the lots in controversy to appellant, because made by Thomas Wells with intent to hinder and defraud his creditors; that the property was in fact the community property of Thomas Wells and appellant. While the judgment of the trial court did not in express terms cancel and annul the two deeds attacked by appellees as fraudulent, it impliedly did so by its

finding that said deeds were void, by denying appellant any relief on her claim of ownership, dissolving the temporary injunction theretofore granted staying the sale under execution, and ordering the issuance of a writ of venditioni exponas "commending the sheriff of Gregg County, Texas, to proceed to sell said properties heretofore levied upon by him under and by virtue of the execution issued out of the District Court of Upshur County, Texas * * *." In such circumstances, upon the death of Thomas Wells, his heirs at law would become necessary parties to appellees' cross-action to cancel said deeds. When Thomas Wells died, they became entitled, under the statute, as his heirs, to an interest in his estate. Under appellees' theory of the case as reflected by their pleading and proof, Thomas Wells and Lottie Wells together, as husband and wife, owned the lots in controversy, and whatever interest Thomas Wells owned, immediately upon his death became the property of his heirs, and any judgment the trial court might render relative to cancelling the deeds above referred to would directly affect their rights. It is now the settled law of this State that all persons who may be affected by the cancellation of an instrument must be made parties to a suit to cancel same. It was said in Runck v. Gates, Tex.Civ.App., 14 S.W.2d 885 (which holding was expressly approved by the Supreme Court in Royal Petroleum Corp. v. McCallum, 134 Tex. 543, 135 S.W.2d 958, 968): "The action to cancel is in a court of equity, and, of course, governed by rules as old as the system of equity itself. Pomeroy states the governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in one suit the rights and duties of all parties, which really grow out of or are connected with the subject-matter of the suit. The fundamental principle concerning parties is that all persons in whose favor or against whom there *might be a recovery, however insignificant, and also all persons who are interested, although indirectly in the subject-matter and relief granted, and whose rights might be affected by the decree, shall be made parties to the suit.*" (Italics ours.)

To the same effect are Miller v. Davis, Tex.Sup., 150 S.W.2d 973; Nixon v. Cowan, 134 Tex. 262, 135 S.W.2d 96; Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435; Federal Royalty Co. v.

Duval Texas Sulphur Co., Tex.Civ.App., 105 S.W.2d 365, and authorities there cited; McCurdy v. Richey, Tex.Civ.App., 94 S.W.2d 837; De Grazier v. Panell Oil Corp., Tex.Civ.App., 109 S.W.2d 1109, writ dismissed; Schubert v. Miller, Tex.Civ.App., 119 S.W.2d 139 (the three cases last cited are by this court). This proposition must be sustained.

It is not thought necessary to discuss the other propositions in appellant's brief, for the reason that the alleged errors to which they are directed will not likely occur upon another trial of this case.

For the reasons indicated above, the judgment of the trial court is reversed and the cause is remanded.