**TEXAS AGRICULTURAL WORKERS UNION et al. v. ISBELL, Secretary of State, et al.**

No. 9565.

Court of Civil Appeals of Texas. Austin.

May 22, 1946.

Rehearing Denied June 12, 1946.

John D. Reed, of Austin, for appellants.

Grover Sellers, Atty. Gen., and David Wuntch and Geo. W. Barcus, Asst. Attys. Gen., for appellees.

BAUGH, Justice.

This suit was filed by the Texas Agricultural Workers Union, a voluntary non-profit organization, and John D. Reed as executive secretary thereof, against the Secretary of State, the Commissioner of Labor Statistics, and the Attorney General, under the Uniform Declaratory Judgment Act, Vernon's Ann.Civ.St. Art. 2524—1, seeking to have declared unconstitutional the 1941 amendment to Sec. 83 of Art. 1302, R.C.S.1925, Vernon's Ann.Civ.St. art. 1302. Trial was to the court without a jury, and judgment rendered against said plaintiffs, from which this appeal is prosecuted.

The following facts appear: Appellants, in compliance with law, filed with the Secretary of State on June 5, 1945, application for charter under the provisions of Sec. 83 of Art. 1302, V.A.C.S. This application, as provided in said act, was referred on June 6, by the Secretary of State, to the Commissioner of Labor Statistics for

208

his recommendation thereon. Informal hearing on said application was had before said Commissioner on June 14, 1945; and on June 15 said Commissioner returned same to the Secretary of State with a letter of transmittal stating that "the hearing has been held and I respectfully request that the charter be not granted." No reasons for such action were given. The Secretary of State thereupon returned the proposed charter, on June 19, 1945, to John D. Reed, together with filing fees, with statement that filing thereof had been refused. The following day this suit was filed.

The original Sec. 83 of Art. 1302 authorized the formation of a private corporation: "To organize laborers, working men, wage earners, and farmers to protect themselves in their various pursuits." In 1941, Acts 1941, 47th Leg. p. 350, ch. 190, the legislature amended said section by adding thereto the following: " * * * provided however, no charter shall be issued hereafter to laborers, working men, or wage earners, or amendment granted to a charter of a corporation previously created to organize laborers, working men, or wage earners, or that may be hereafter created hereunder to organize laborers, working men, or wage earners, by the Secretary of State to any person, association or corporation, for such purposes without an investigation first having been made by the Commissioner of Labor Statistics concerning such application, and a favorable recommendation made thereon by said Commissioner to the Secretary of State. It is expressly provided that no investigation or recommendation by the Commissioner of Labor Statistics shall be required or made of applications from farmers for a charter."

Appellants attack this amendment as unconstitutional on the grounds, among others, that it vests in the Commissioner of Labor Statistics an arbitrary power; that it provides no standards for guidance of the Commissioner in recommending approval or disapproval of such application for charter; that it violates due process of law; that it makes no provision for a hearing before the Commissioner; and that it denies equal protection of law in that it exempts from its provisions farmers, who, within the terms of the act, belong in the same class as others who are brought under its provisions.

The appellees, on the other hand, urge, among other things, that: Under the pleadings and the undisputed facts no justiciable controversy is presented on which a declaratory judgment is authorized; that no affirmative relief could be granted to appellants; and that appellants failed to show a legal right in themselves to bring such an action.

While there is presented a grave question as to the constitutionality of the act; we have reached the conclusion that the record presented shows that the appellants were not authorized to prosecute this suit for a declaratory judgment. Consequently, it is not necessary for us to determine its constitutionality.

This suit was filed by the Texas Agricultural Union, alleged to be a "nonprofit organization of wage earners," and John D. Reed, "individually and as Executive-Secretary of said Union." The application for the charter therefor was made by Zacarias Moncivais, of Hidalgo County; Roberto Zapata, of Bexar County; and John D. Reed, of Travis County. But it is clear, we think, that the suit was brought by the same organization and in the same capacity as that for which such charter was sought and denied, though Moncivais and Zapata were not made parties plaintiff. One of the defenses urged in the instant suit was that said purported union was not a bona fide labor union, and therefore neither entitled to a charter nor to bring this suit. The 1941 amendment, as shown by the emergency clause, was designed and intended to apply only to "laborers, working men [and] wage earners." Unless, therefore, those who sought the charter, and those who seek to prosecute this suit, come within the classification prescribed by law, they would not, we think, be a "person interested" within the meaning of that term as used in Sec. 2 of the Uniform Declaratory Judgments Act, so as to authorize them to bring this suit. In other words, they would not have the legal capacity to invoke that law. We have concluded that such is the case in the suit here involved. On this question the same rules apply to de-

claratory judgments as apply to other civil actions. Anderson Declaratory Judgments, § 30, p. 105; § 31, p. 108; 16 Am.Jur., § 51, p. 323.

 While want of legal capacity to prosecute such suit is generally raised by plea in abatement, an exception to this rule is presented where such incapacity does not appear from the pleadings, but is shown by the evidence. 32 Tex.Jur., § 86, p. 125. In the instant case that issue was, in effect, raised by plea in abatement and special exception, both of which were overruled by the trial court; but it was also raised by special denial that plaintiff organization was a bona fide labor union.

On the trial hereof there was introduced without objection a transcript of the proceedings before the Commissioner of Labor Statistics on the application for a charter. No complaint is made as to this. It is agreed to by the parties to this suit as being substantially correct. The witnesses at that hearing were not sworn, but their statements may be taken as admissions for the purposes of the instant case. That transcript discloses the following: Moncivais was a citizen of Mexico and not of the United States. He operated a dry goods store at Alamo, Texas; recruited Mexican laborers for beet growers in Michigan, and acted as interpreter for those who did not speak English. He stated that he represented the beet growers, but did not know who they were.

Zapata worked for and was paid by the "Beet Growers Employment Committee"; recruited laborers for that committee, but did not pull any beets. He represented the employers and not the workers.

Reed was an attorney at law who resided in Travis County, and admitted that "in an indirect way" he represented the growers as an attorney.

From the foregoing it clearly appears that the organization which sought to be incorporated, was not composed of "laborers, working men, or wage earners" within the meaning of Sec. 83 of Art. 1302, V.A.C.S.; but in reality was but an employment agency, representing beet growers of Michigan, in recruiting Mexican laborers in Texas to labor in the beet fields outside of Texas; and consequently not, as matter of law, regardless of the 1941 amendment, entitled to a charter as laborers, working men or wage earners. It follows, therefore, under the law and the undisputed facts, not having a right to obtain a charter in any event, appellants did not have a justiciable interest in the subject matter in litigation, an interest which they must show in order to maintain such suit. Yett v. Cook, 115 Tex. 205, 281 S.W. 837; 32 Tex. Jur., § 8, p. 12. Consequently they were not an "interested person" authorized by the Declaratory Judgments Act to institute and maintain this suit. This conclusion renders unnecessary a determination of the constitutionality of the statute sought to be attacked. The judgment of the trial court is accordingly affirmed.

Affirmed.