The plaintiffs instituted this proceeding under the Declaratory Judgments Act, R.S. 2:26-66 et seq., to declare a contract executed by the defendant pursuant to the provisions of the Fair Trade Act, R.S. 56:4-1 et seq., to be null and void, and to restrain the defendant from taking any proceeding against the plaintiffs.
The defendant has moved to dismiss the complaint on the ground that it is insufficient in law and fails to state a claim upon which relief can be granted. *Page 453 
These are the facts alleged in the complaint: The plaintiffs are the owners of retail drug stores in the City of Newark. The defendant is the manufacturer of soap and ointment products marketed under the trade name "Cuticura." Pursuant to the provisions of the Fair Trade Act, the defendant executed a contract with one or more of its retailers in this State, fixing the minimum price at which its commodities might be sold at retail. Notice of the execution of this contract was given by the defendant to retailers, including the plaintiffs, and by reason thereof, the plaintiffs became bound to sell at the prices fixed by the defendant. The plaintiffs allege that they maintained such Fair Trade prices but discovered that a number of their competitors were selling the products below the fixed prices, and they thereupon reduced prices to meet the competition. They notified the defendant of such underselling, but it failed to obtain from other retailers compliance with the price schedule. The plaintiffs charge that accordingly the defendant has abandoned its contract and the prices adopted thereunder, and they seek a judgment declaring the contract to be null and void, permitting the plaintiffs to sell the defendant's products free of restrictions and enjoining the defendant from taking any proceeding to enforce against plaintiffs the resale price fixed by the defendant.
Upon the filing of the complaint, duly verified, a preliminary restraint issued against the prosecution of any action by the defendant against the plaintiffs. The defendant has moved to vacate the restraint in the event that its motion for dismissal of the complaint be denied, and has filed affidavits of other retailers which allege that the plaintiffs were the violators of the price schedule and that plaintiffs' conduct produced the underselling — "the pot called the kettle black."
Both parties assert that the instant matter is of novel impression in this State and that Stockman v. Wilson DistillingCo., Inc., 23 N.Y.S.2d 510 (1940); affirmed,26 N.Y.S.2d 510, motion for leave to appeal denied, 286 N.Y. 736,35 N.E.2d 201, is the only reported case on point. The defendant relies on the Stockman case and the plaintiffs attempt *Page 454 
to distinguish it. There, as here, a proceeding was brought by the plaintiff, a retailer, against the defendant, the exclusive distributor of the commodity, upon practically the same facts and seeking the same relief. The Supreme Court of New York granted defendant's motion for dismissal of the complaint as insufficient in law. Mr. Justice Steinbrink, whose opinion was adopted by the appellate court, said: "The purpose of the action is plain. The plaintiff seeks immunity from the prosecution of any action against him under the statute. It is equally plain that no such immunity can be afforded by means of a declaratory judgment, for even though it be assumed that the defendant is under a statutory duty to enforce its fair trade agreements and that it has, by failing to discharge that duty, abandoned its right under the agreements, nevertheless price cutting by the plaintiff would remain actionable `at the suit of any person damaged thereby,' including competing retailers. `The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations.' James v. Alderton DockYards, Ltd., 256 N.Y. 298, at p. 305, 176 N.E. 401, atp. 404. A declaratory judgment could not serve that purpose, for the jural relations attaching to the fair trade agreements, affecting as it does all competing retailers, cannot be determined with finality in this action. The motion is consequently granted."
Referring to the Stockman case, Professor Borchard in his work on Declaratory Judgments, 2d ed., 1941, in a note atp. 1025, observed: "In Stockman v. Wilson Distilling Co.,23 N.Y.S.2d 510 (1940), the court declined to declare the invalidity of certain price-maintenance trade agreements. That plaintiff thereby sought to avoid prosecution was no ground for refusal: that the issue would not have been settled, because competing retailers might still sue, may have been a better ground."
Significantly, the only defendant in this proceeding is the manufacturer and producer of the products. The retailer or retailers with whom the defendant entered into the *Page 455 
Fair Trade contract are not parties to the suit. The plaintiffs admit that they received notice of the execution of the contract and "by reason of the statute, the contract and the notice thereof given to the plaintiffs, the plaintiffs became bound to sell all of the defendant's products at the prices fixed therefor by the defendant." A contract may not be declared null and void in the absence of a party to the contract. Indeed, the Declaratory Judgments statute expressly provides, R.S. 2:26-72, "When declaratory relief is sought, all parties having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding."
In Declaratory Judgments, 2nd ed., 1941, at p. 256, Professor Borchard states:
"The reason for the rule of Section 11 of the Uniform Act (R.S. 2:26-72 and 73) is to ensure in principle the presence, or at least service upon, all other interested persons who would be affected legally by the decision. The rule is not without exceptions. In addition to the rules of practice as to indispensable parties, Section 11 vests in the courts a wide discretion to order the joining and impleading of all interested or affected persons, since without them the declaratory judgment would not terminate the controversy or uncertainty sub judice,
which it is the essential purpose of the declaratory action to accomplish.
"The absence of parties the court deems necessary to this tranquilizing function would thus cause the declaratory action to fail of its purpose, so that the court is likely to dismiss without prejudice an action in which necessary parties have failed of joinder. * * * Courts properly decline to make declarations between parties when others, not bound, might later raise the identical issue and deprive the declaration of that final and pacifying function it is calculated to subserve."
St. John's Baptist, etc., v. Ukrainian National Association,105 N.J. Eq. 69 (Ch. 1929), at p. 73. New Jersey BankersAssociation v. Van Riper, 1 N.J. 193 (Sup. Ct. 1948), atp. 198.
In Empire Trust Co. v. Board of Commerce, etc., 124 N.J.L. 406
(Sup. Ct. 1940), Mr. Justice Heher said: "* * * the Declaratory Judgments Act is designed to provide a remedy for the adjudication of justiciable rights, duties, status and other legal relations of the parties before *Page 456 
rights have been invaded or wrongs committed, and its provisions are not ordinarily invocable where another adequate remedy is at hand. The declaratory judgment was intended to modify the common law rule that there is no justiciable controversy until a right has been invaded. It supplements, and is not a substitute for, existing remedies; and whether relief shall be afforded under its terms is ordinarily a matter resting in sound judicial discretion."
In Township of Ewing v. Trenton, 137 N.J. Eq. 109 (Ch.
1945), Vice-Chancellor Jayne doubted "that such auxiliary legislation was intended to be utilized defensively to bag in advance an imminent and impending law suit." If the defendant in the instant case has countenanced the violation of the Fair Trade contract and there has been an abandonment of the price structure, as plaintiffs allege, they have a defense to any proceeding which may be instituted against them to enforce the maintenance of contract prices. Lentheric, Inc., v. Weissbard,122 N.J. Eq. 573 (Ch. 1937). Calvert Distilling Co. v.Gold's Drug Stores, 123 N.J. Eq. 458 (Ch. 1938).
The complaint will be dismissed.